## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

KYLE P. TATE,

          *Plaintiff*,

      v.

FOX NEWS NETWORK, LLC; FOX
TELEVISION STATIONS, LLC dba
WOFL FOX 35 ORLANDO,

          *Defendants*.

Case No.:  6:26-cv-1204

Removed From:

Circuit Court of the Eighteenth
Judicial Circuit in and for Brevard
County, Florida

Case No.:  2026-CA-029010-XXCA-BC

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fox News Network, LLC and Fox Television Stations, LLC (dba WOFL Fox 35 Orlando) (collectively, "Fox") hereby remove to this Court the state court action described below from the Eighteenth Judicial Circuit in and for Brevard County, Florida. Removal is based on diversity jurisdiction because complete diversity exists between Fox and Plaintiff Kyle Tate ("Tate"), and the amount in controversy exceeds $75,000.00.

## Background

1.     On May 1, 2026, Tate filed this defamation action in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida as Case No. 2026-CA-029010-XXCA-BC.

2.     The suit concerns Fox's reporting about Tate's arrest in an incident that occurred between Tate—the erstwhile director and president of the Stillwater

Lakes Homeowner's Association in Palm Bay, Florida—and three minors who were allegedly fishing on Stillwater Lakes's property.

3.      Pursuant to Florida Rule of Civil Procedure 1.070(i)(4), Fox, via the undersigned, received a request for waiver of service on May 8, 2026 and then waived service on May 13, 2026. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446. *See Blair v. Philips Elecs. N. Am. Corp.*, No. 8:16-cv-3529-T-30JSS, 2017 WL 565075, at *1 (M.D. Fla. Feb. 13, 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)). Because Tate requested that Fox waive service on May 8, 2026, Fox's deadline to respond to Tate's complaint in this Court is July 8, 2026. *See* Fla. R. Civ. P. 1.070(i)(4) (deeming service effective 40 days after a request for waiver of service is received); Fed. R. Civ. P. 81(c) (establishing that a removed defendant must respond within 21 days of service).

4.      No motions are currently pending in this matter before the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, as of the date of filing of this removal.

5.      All state court papers reflected on the docket of the state court action at the time of removal are attached to this Notice of Removal as **Composite Exhibit 1** in accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06(b). Included in Composite Exhibit 1 is Fox's waiver of service, executed on May 13, 2026.

## Subject Matter Jurisdiction

6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Tate and Fox have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). In addition, venue is proper in this Court because the state court matter is proceeding in Brevard County, located in this judicial district. *See* 28 U.S.C. § 1441(a).

### A. Diversity of Citizenship

7.     Tate is a citizen of Florida, as shown by the allegations in his pleading that he is domiciled in Brevard County, Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom") (citations omitted).

8.     Here, Tate alleges that he was at all relevant times and remains "a resident of Brevard County, Florida," who has "continuously" practiced law within the State of Florida for "nearly three decades of practice," and who was, at all relevant times, a homeowner in the Stillwater Lakes community. *See* Compl. ¶¶ 8, 11, 20–21.

9.     Fox News Network, LLC and Fox Television Stations, LLC are both limited liability companies, which means that their citizenships are determined

by the citizenships of their members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

10.    As demonstrated in the Declaration of Bryant O'Neal ("O'Neal Decl."), attached hereto as **Exhibit 2**, both Fox News Network, LLC and Fox Television Stations, LLC, and all members within each of their respective chains of ownership, are citizens of Delaware and/or New York.

11.    Defendant Fox News Network LLC is a Delaware limited liability company whose sole member is Fox Television Stations, LLC, which is also a Delaware limited liability company. O'Neal Decl. ¶ 4. That entity's sole member is Fox Television Holdings, LLC, a Delaware limited liability company. *Id.* ¶ 5. That entity's sole member is Foxcorp Holdings, LLC, a Delaware limited liability company. *Id.* ¶ 6. That entity's sole member is Fox Corporation, a Delaware corporation with its principal place of business in New York. *Id.* ¶ 7. As such, Fox News Network, LLC is a citizen of the states of Delaware and New York.

12.    Defendant Fox Television Stations, LLC (dba Fox 35 Orlando)[1] is a Delaware limited liability company whose sole member is Fox Television Holdings, LLC, which is also a Delaware limited liability company. *Id.* ¶ 9. That entity's sole member is Foxcorp Holdings, LLC, a Delaware limited liability company. *Id.* ¶ 10. That entity's sole member is Fox Corporation, a Delaware

---

[1] "A designation of 'd/b/a' or 'doing business as' is a designation to be used when the name following the d/b/a designation represents a fictitious name in which an individual or entity conducts business." *United States v. Mesadieu*, 180 F. Supp. 3d 1113, 1123 (M.D. Fla. 2016). "Notably, a 'd/b/a' designation standing alone is not sufficient to join an independent entity as a defendant in a lawsuit." *Id.* Fox 35 Orlando is, therefore, not a party to this case. And in any event, Fox 35 Orlando is not a citizen of Florida. O'Neal Decl. at n. 1.

4

corporation with its principal place of business in New York. *Id.* ¶ 11. As such, Fox Television Stations, LLC is a citizen of the states of Delaware and New York.

13.    Accordingly, the requirement for diversity jurisdiction is satisfied because this is a civil action between "citizens of different States." *See* 28 U.S.C. § 1332(a)(1).

### B. Amount in Controversy

14.    In the pre-suit demand letter that Tate sent to Fox on April 30, 2026, Tate seeks no less than "$1,500,000.00" in damages for his putative defamation claim. *See* Declaration of Katherine Moran Meeks ("Meeks Decl.") attached hereto as **Exhibit 3**.

15.    A pre-suit demand such as this one that far exceeds the $75,000.00 amount-in-controversy requirement satisfies 28 U.S.C. § 1332. *See Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998); *Gillinov v. Hillstone Rest. Group, Inc.*, 92 F. Supp. 3d 1251, 1254 (S.D. Fla. 2015); *Katz v. J.C. Penney Corp., Inc.*, No. 09-cv-60067, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009) (citing *AAA Abachman Enterprises, Inc. v. Stanley Steemer Intern., Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008)).

16.    Because the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, this case meets the amount-in-controversy requirement for federal jurisdiction set forth in 28 U.S.C. § 1332(a).

5

## Notice

17.    As required by 28 U.S.C. § 1446(d), Fox is providing written notice of the filing of this Notice of Removal to Tate, through his attorney, and will also file a Notice of Filing a Notice of Removal with the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, where the action is currently pending.

18.    This notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## Conclusion

19.    This Court has subject-matter jurisdiction over this action because (i) complete diversity of citizenship exists between the parties and (ii) the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Accordingly, Fox, desiring to remove this case to the United States District Court for the Middle District of Florida, requests that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing a Notice of Removal with the Clerk of the Eighteenth Judicial Circuit Court in and for Brevard County, Florida shall effect the removal of this case.

Dated: May 29, 2026

Respectfully submitted,

SHULLMAN FUGATE PLLC

*/s/ Deanna K. Shullman*
Deanna K. Shullman (lead counsel)
Florida Bar No. 514462
Minch Minchin

6

Florida Bar No. 1015950
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
(561) 429-3619
dshullman@shullmanfugate.com
mminchin@shullmanfugate.com

*Attorneys for Fox*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2026, a true and correct copy

of the foregoing was served via electronic mail and U.S. mail upon:

Lawrence H. Collins
TATECOLLINS
P.O. Box 2427
Orlando, FL 32802
407-205-6100
lawrence@tatecollins.com
clerk@tatecollins.com

*Counsel for Tate*

/s/ /Deanna K. Shullman
Deanna K. Shullman

7