# BECA - Brevard Electronic Court Application

05-2026-CA-029010-XXCA-BC

Logged in as: Public

[ Log Out ]

**Navigate to:**  Participants    Register of Actions    Complaints    Citations    Financials    Payments    Bonds
Court Schedule
Judge History    Warrants/Writs    DL Suspensions    Diversions    Sentencing    Probation
Jail

[ New Search ]

## KYLE TATE VS FOX NEWS
### Case Information

| Case Number | Case Type | Filing Date | Case Status | Status Date | Judge | Jurisdiction | Charging Agency |
|---|---|---|---|---|---|---|---|
| 05-2026-CA-029010-XXCA-BC | LIBEL/SLANDER | 05/01/2026 | ORIGINAL PENDING | 05/01/2026 | GEORGE T PAULK | CENTRAL | NONE |

## Participants ☐ Print

| Type | Name | Participant Id | DL Number | Race | Gender | DOB | Address 1 | Address 2 | City State Zip |
|---|---|---|---|---|---|---|---|---|---|
| DEFENDANT (1) | FOX NEWS NETWORK LLC | 4468389 | | | | | CO CT CORPORATION SYSTEM | 1200 S PINE ISLAND RD | PLANTATION, FL 33324-4469 |
| ATTORNEY FOR: D1 | SHULLMAN DEANNA | 2432408 | | | | | 2101 VISTA PKWY STE 4006 | | WEST PALM BEACH, FL 33411-2706 |
| DEFENDANT (2) | FOX TELEVISION STATIONS LLC | 4468390 | | | | | CO CT CORPORATION SYSTEM | 1200 S PINE ISLAND RD | PLANTATION, FL 33324-4469 |
| ATTORNEY FOR: D2 | SHULLMAN DEANNA | 2432408 | | | | | 2101 VISTA PKWY STE 4006 | | WEST PALM BEACH, FL 33411-2706 |
| DEFENDANT (3) | WOFL FOX 35 ORLANDO | 4468391 | | | | | NO ADDRESS INFORMATION AVAILABLE | | |
| PLAINTIFF (1) | TATE KYLE P | 4468388 | | | | | NO ADDRESS INFORMATION AVAILABLE | | |
| ATTORNEY FOR: P1 | COLLINS LAWRENCE HOSSAIN | 354932 | | | | | 135 WEST CENTRAL BOULEVARD | SUITE 1000 | ORLANDO, FL 32801 |

## Register Of Actions 🗎 Viewable 🔒 Viewable On Request ⊗ Pending 🅂 Sealed 🅲 Confidential                    [Purchase Copies]    ☐ Print

| View | Event Date | Document Number | Description | Page Count | Amount |
|---|---|---|---|---|---|
| 🗎 | 05/01/2026 | 1 | COMPLAINT WITH DEMAND FOR JURY TRIAL | 34 | |

| | 05/01/2026 | 2 | PROPOSED SUMMONS TO BE ISSUED | 3 | |
| | | | | 05-2026-CA-029010-XXCA-BC | |
| | 05/01/2026 | 3 | PROPOSED SUMMONS TO BE ISSUED | 3 | |
| | 05/01/2026 | | ASM: CIRCUIT CIVIL FILING FEE | | 401.00 |
| | 05/01/2026 | | ASM: ISSUE CIRCUIT SUMMONS | | 20.00 |
| | 05/01/2026 | | ORIGINAL FILING UPDATED | | |
| | 05/04/2026 | 4 | JT CIVIL CASE MGMT TRACK FORM | 1 | |
| | 05/06/2026 | 5 | SUMMONS ISSUED VIA E-MAIL TO ATTORNEY | 3 | |
| | 05/06/2026 | 6 | SUMMONS ISSUED VIA E-MAIL TO ATTORNEY | 3 | |
| | 05/15/2026 | 7 | ADMINISTRATIVE ORDER CASE MANAGEMENT ORDER | 7 | |
| | 05/15/2026 | 8 | WAIVER OF SERVICE OF PROCESS | 2 | |
| | 05/15/2026 | 9 | WAIVER OF SERVICE OF PROCESS | 2 | |
| | | | **Total Number of Document Pages** | **58** | |

## Complaints ☐Print

| Complaint Date | Cause of Action | Disposition Date | Disposition Description |
|---|---|---|---|
| 05/01/2026 | LIBEL/SLANDER | | |

## Financials ☐Print

| Name | Receivable | Amount Assessed | Amount Waived | Amount Paid | Due Date | Balance |
|---|---|---|---|---|---|---|
| P 1 | CIR CIV FILING FEE | $401.00 | $0.00 | $401.00 | | $0.00 |
| P 1 | ISSUE CIR SUMMONS | $20.00 | $0.00 | $20.00 | | $0.00 |
| TOTALS: | | $421.00 | $0.00 | $421.00 | | $0.00 |
| TOTAL AMOUNT ELIGIBLE FOR A CIVIL LIEN: | | | | | | $0.00 |

## Payments ☐Print

| Receipt | Party | Memo | Event Description | Receipt Date | Amount | Payment Type | Received From |
|---|---|---|---|---|---|---|---|
| S345054 | P 1 | EFILING # 247328469 | PMT: CIRCUIT CIVIL FILING FEE | 05/07/2026 | $401.00 | REGULAR CASH | COLLINS LAWRENCE HOSSAIN |
| S345054 | P 1 | EFILING # 247328469 | PMT: ISSUE CIRCUIT SUMMONS | 05/07/2026 | $20.00 | REGULAR CASH | COLLINS LAWRENCE HOSSAIN |
| TOTAL PAID: | | | | | $421.00 | | |

## Judge History ☐Print

| | Date Assigned | Case Type | Judge | Description |
|---|---|---|---|---|
| 1 | 05/01/2026 | LIBEL/SLANDER | GEORGE T PAULK | INITIAL ASSIGNMENT |

Print

Filing # 247328469 E-Filed 05/01/2026 10:23:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,

      Plaintiff,                          CASE NO.: _____

v.

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,

      Defendants.

_____/

## COMPLAINT

Plaintiff, KYLE P. TATE, by and through undersigned counsel, sues Defendants FOX NEWS NETWORK, LLC and FOX TELEVISION STATIONS, LLC d/b/a WOFL FOX 35 ORLANDO (collectively, the "Fox Defendants" or "Defendants"), and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for defamation, libel per se, broadcast defamation, defamation by implication, and post-adjudication declaratory and equitable relief arising from (a) Defendants' May 2, 2024 online article published on Fox 35 Orlando titled "Florida HOA president pulls gun on kids fishing on property: affidavit," (b) Defendants' May 2, 2024 online article published nationally on Fox News Digital at https://www.foxnews.com, bylined to Fox News reporter Greg Wehner, and titled "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs," and (c) related May 2, 2024 television broadcasts on WOFL FOX 35 Orlando concerning Plaintiff Kyle P. Tate.

2. The challenged publications and broadcasts communicated the false and defamatory gist that Mr. Tate pulled, displayed, used, or threatened a firearm against children while they were fishing at a subdivision lake associated with Stillwater Lakes Homeowner's Association, Inc.

3. Defendants did not merely report the existence of an arrest affidavit. Defendants materially amplified and altered the official-source material by transforming an uncharged, uncorroborated juvenile-source firearm allegation into the headline-level and broadcast-level factual gist that Mr. Tate pulled a gun on children. Defendants further reinforced that defamatory gist with broadcast chyron and lower-third language including "HOA president pulls gun on kids: officials" and "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS."

4. The Probable Cause Affidavit identified only Grand Theft (Fla. Stat. § 812.014(2)(c)1) and Criminal Mischief (Fla. Stat. § 806.13(1)(b)3) as the asserted offenses. The affidavit did not identify aggravated assault with a firearm, improper exhibition of a firearm, or any other firearm-based offense as an asserted charge. The firearm language appeared in the affidavit only as a narrative allegation attributed to juvenile complainants.

5. On June 17, 2024, the State Attorney for the Eighteenth Judicial Circuit filed a Notice of No Information in State of Florida v. Kyle Patrick Tate, Brevard County Case No. 052024CF024336AXXXBC, declining to file an Information against Plaintiff. On October 6, 2025, the Honorable Kathryn M. Speicher of this Court entered an Order to Expunge under Fla. Stat. § 943.0585 concerning Plaintiff's April 14, 2024 arrest.

6. Plaintiff timely served pre-suit notice under Fla. Stat. § 770.01 dated April 3, 2026 on the Fox Defendants, identifying the May 2, 2024 Fox 35 Orlando article, the May 2, 2024

Fox News Article by Greg Wehner, and the related broadcasts as false and defamatory and demanding removal, retraction, and cessation of further publication or rebroadcast. Defendants nevertheless aired a related "STORY UPDATE" segment on or about April 10, 2026, seven days after receipt of the notice, through Fox 35 Orlando's evening news programming and the Fox Local streaming platform. The April 10, 2026 rebroadcast acknowledged the expunction and the State Attorney's lack of a record but did not on-air repeat the words "gun" or "firearm," did not expressly retract the original false "pulls gun" headlines or content, did not remove the May 2, 2024 Fox News Article from the Fox News Digital website (which all remain available there to the present day), and is the subject of additional allegations below. Plaintiff's April 30, 2026 reply letter served as supplemental § 770.01 notice as to the April 10, 2026 rebroadcast and demanded removal, retraction, correction, preservation, and resolution by 5:00 p.m. Eastern on Friday, May 1, 2026, which Defendants did not provide.

7. Plaintiff brings the currently asserted claims based on the May 2, 2024 articles and broadcasts. Plaintiff pleads the April 10, 2026 post-notice rebroadcast as evidence of notice, fault, state of mind, actual malice, damages, failure to retract, preservation obligations, and republication risk, and reserves the right to amend to assert the April 10, 2026 rebroadcast as a separate actionable publication after expiration of any applicable supplemental notice period under Fla. Stat. § 770.01.

## II.  PARTIES, JURISDICTION, AND VENUE

8. Plaintiff KYLE P. TATE is a natural person, sui juris, a citizen of the United States, and at all material times a resident of Brevard County, Florida. Mr. Tate is a Florida-licensed

attorney admitted to The Florida Bar in or about 2006 and has continuously practiced law in Florida since that date.

9. Defendant FOX NEWS NETWORK, LLC ("Fox News") is a Delaware limited liability company with its principal place of business in New York, New York, transacting business and operating throughout the State of Florida with the registered agent of C T Corporation System, 1200 Pine Island Rd, Plantation, FL 33324. Fox News owns, operates, and publishes the national news website at https://www.foxnews.com and the Fox News Digital news platform, and is the publisher of the May 2, 2024 article authored by Fox News reporter Greg Wehner described herein. Fox News is responsible for, involved in, or exercises control over the publication, broadcast, distribution, maintenance, correction, retraction, and removal of the challenged Fox News Digital content and the challenged Fox 35 Orlando content. Fox News appeared in this matter through its Executive Vice President and General Counsel, who acknowledged receipt of Plaintiff's pre-suit demand and responded by letter dated April 29, 2026.

10. Defendant FOX TELEVISION STATIONS, LLC ("Fox Television Stations") is a Delaware limited liability company with its principal place of business in Los Angeles, California, transacting business and operating throughout the State of Florida with the registered agent of C T Corporation System, 1200 Pine Island Rd, Plantation, FL 33324. Fox Television Stations owns and operates WOFL FOX 35 Orlando, a broadcast television station whose offices and studios are located at 35 Skyline Drive, Lake Mary, Florida 32746, and operates the associated website at https://www.fox35orlando.com. Fox Television Stations is the originator of the May 2, 2024 article, the May 2, 2024 broadcasts, and the April 10, 2026 rebroadcast described herein.

11. This Court has subject-matter jurisdiction over this action under Article V, § 5 of the Florida Constitution and Fla. Stat. § 26.012, in that this is an action at law in which the matter in controversy exceeds the sum of $50,000.00, exclusive of interest, costs, and attorneys' fees.

12. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193 in that Defendants operate and broadcast within, and direct their publications and broadcasts to, the State of Florida; Fox Television Stations operates WOFL FOX 35 Orlando from offices and studios in Lake Mary, Florida; and Defendants committed tortious acts within Florida giving rise to this action.

13. Venue is proper in Brevard County, Florida, pursuant to Fla. Stat. § 47.011 because the cause of action accrued in Brevard County (where Plaintiff resides, where Plaintiff sustained reputational and economic injury from the publications and broadcasts, and where the underlying April 14, 2024 arrest occurred), and because Plaintiff is a resident of Brevard County.

14. All conditions precedent to the institution and maintenance of this action have been performed, satisfied, waived, or excused. Fla. R. Civ. P. 1.120(c).

15. On April 3, 2026, Plaintiff served on the Fox Defendants and on WOFL/Fox 35 Orlando the written pre-suit notice required by Fla. Stat. § 770.01, by certified mail, return receipt requested, and by email, including service on Defendant Fox News Network, LLC through its registered agent C T Corporation System, identifying the May 2, 2024 articles and broadcasts as false and defamatory, specifying the challenged statements and defamatory gist, demanding removal and retraction, and directing the Fox Defendants to cease further publication or rebroadcast.

16. More than five days have elapsed since the service of the April 3, 2026 § 770.01 notice. Defendants have failed to publish a full and fair correction, apology, or retraction. By letter dated April 29, 2026, Fox News's Executive Vice President and General Counsel offered only a conditional editor's note appended to the May 2, 2024 article in exchange for a release of all claims, refused removal of the article and broadcasts, refused any on-air retraction, and made no acknowledgment of the post-notice April 10, 2026 rebroadcast described below.

17. Plaintiff's April 30, 2026 reply letter served as supplemental written notice under Fla. Stat. § 770.01 as to the April 10, 2026 rebroadcast, which had not yet occurred at the time of the original April 3, 2026 notice and therefore could not have been specifically identified therein.

18. Plaintiff currently asserts claims based only on the May 2, 2024 articles and the May 2, 2024 broadcasts. Plaintiff pleads the April 10, 2026 rebroadcast as a fact relevant to notice, fault, state of mind, actual malice, damages, failure to retract, preservation, and republication risk. Plaintiff reserves the right to amend to assert the April 10, 2026 rebroadcast as a separate actionable publication after expiration of any applicable supplemental notice period.

19. Plaintiff names only the corporate Fox Defendants in this initial pleading and does not name individual Fox personnel as defendants in this initial pleading because the April 3, 2026 statutory notice was directed to the corporate Fox entities and Fox 35 Orlando rather than to the individual reporters, anchors, producers, editors, news directors, or station management. Plaintiff reserves the right to seek leave to amend to add individual

defendants after satisfying any applicable pre-suit notice requirement, after waiver, or after discovery identifies additional legally responsible actors.

## IV. GENERAL FACTUAL ALLEGATIONS

20. Plaintiff has been a member in good standing of The Florida Bar since approximately 2006, with an unblemished disciplinary record over nearly three decades of practice. At all material times he has practiced law in the State of Florida.

21. At all material times, Plaintiff was a member of Stillwater Lakes Homeowner's Association, Inc. (the "Association"), a member-owner with the same equal beneficial interest in the Association's common-area property as every other resident-member, and at relevant times served as a director and as the Association's elected president.

22. Plaintiff's professional reputation, his ability to attract and retain clients and referral sources, and his ability to practice law and serve as a fiduciary depend on trust, judgment, character, and integrity.

23. On April 14, 2024, Officer Arliz Barraza (#158) of the Palm Bay Police Department arrested Plaintiff in connection with an incident at Stillwater Lakes Subdivision in Palm Bay, Brevard County, Florida. The Probable Cause Affidavit, was sworn to by Officer Barraza on April 14, 2024.

24. The Probable Cause Affidavit identified only two asserted charges against Plaintiff: (a) Grand Theft, $750–$5,000, under Fla. Stat. § 812.014(2)(c)1; and (b) Criminal Mischief, greater than $1,000, under Fla. Stat. § 806.13(1)(b)3. The Probable Cause Affidavit did not identify any firearm-based offense, including but not limited to aggravated assault with a firearm under Fla. Stat. § 784.021 or improper exhibition of a firearm under Fla. Stat. § 790.10, as an asserted charge.

25. The Probable Cause Affidavit narrative recited a single hearsay sentence concerning a firearm: "The juvenile victims stated a man, later identified as Kyle Patrick Tate (The defendant), approached them with a firearm telling them to get off his property." The affiant did not state that she personally observed any firearm and did not bring any firearm-based charge. The Probable Cause Affidavit's narrative concluded that Plaintiff was placed under arrest for Criminal Mischief above $1,000 and Grand Theft only.

26. On May 2, 2024, eighteen days after the April 14, 2024 arrest, Defendants published on https://www.fox35orlando.com a news article bylined to Fox 35 Orlando reporter Aurielle Eady (the "Article"), updated at 11:44 p.m. EDT that same day.

27. The Article's headline stated, in present-tense definitive form: "Florida HOA president pulls gun on kids fishing on property: affidavit."

28. The Article's lead stated: "A Florida man was taken to jail last month for allegedly approaching three kids with a gun for fishing at a subdivision where he is the president of the Homeowners Association (HOA), FOX 35 has learned."

29. The Article identified Plaintiff by name, age, and town of residence.

30. The Article reported that the children were fishing on the south side of the subdivision's lake, which the Article characterized as "belong[ing] to the HOA and not Tate." In the same Article, Defendants reported: "FOX 35 was able to confirm that Tate is the president of the HOA."

31. The Article quoted the unnamed mother of one of the juvenile complainants: "'A gun should've never been pulled on them,' said the mother of the 10-year-old child, who asked not to be named in this article. 'It was startling. He's still super shaken up, knowing that

on a daily basis we have to drive by this subdivision where this man lives.'" That quotation appears nowhere in the Probable Cause Affidavit.

32. The Article was packaged with an embedded video player containing the May 2, 2024 broadcasts described below, captioned "HOA president allegedly pulls gun on kids."

33. Also on May 2, 2024, Defendant Fox News Network, LLC published nationally on its website https://www.foxnews.com a separate news article bylined to Fox News Digital reporter Greg Wehner concerning Plaintiff and the April 14, 2024 arrest (the "Fox News Article"). The Fox News Article was published on May 2, 2024 at 4:32 p.m. EDT and remains available on https://www.foxnews.com to the present day.

34. The Fox News Article's headline stated, in present-tense definitive form: "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs." The headline materially exceeded the Fox 35 Orlando Article's headline by adding the further factual assertions that Plaintiff pulled a gun on a specific number of children ("3 kids"), that he thereafter threw their fishing tackle into the woods, and that the source for these assertions was "court docs" in the plural, implying multiple judicial or court records confirmed the firearm allegation when in fact the only source was a single Probable Cause Affidavit narrative attributed to the juvenile complainants and supporting no firearms charge.

35. Immediately beneath the Fox News Article's headline, Defendants published the subheadline or dek: "Kyle Tate is charged with grand theft and criminal mischief." That subheadline identified Plaintiff by name in close visual proximity to the firearm-based headline, juxtaposing the firearm gist with Plaintiff's identity in a manner reinforcing the imputation of firearm-based criminal conduct.

36. The Fox News Article's lead stated: "A Palm Bay, Florida Homeowners Association board member was arrested last month after allegedly pulling a gun on three kids fishing at a lake in his subdivision, taking their equipment and throwing the rods, reels and tackle into the woods, according to court documents."

37. The Fox News Article identified Plaintiff by full name and age ("57-year-old Kyle Patrick Tate"), identified him as the president of the Stillwater Lakes community's HOA, and tied the firearm allegation directly to Plaintiff's identity, age, residence, and HOA presidency.

38. The Fox News Article prominently featured Plaintiff's actual Brevard County Sheriff's Office booking photograph, displayed at full-screen size with the overlay caption "BOOKING IMAGE" and the Brevard County Sheriff's Office logo, accompanied by an article-side caption stating: "Kyle Tate, president of the HOA at Stillwater Lakes in Palm Bay, Florida, was arrested after allegedly pulling a gun on three kids fishing at a lake, claiming they were on his property." That caption appeared adjacent to the booking image and reinforced, by image-and-caption pairing, the same defamatory firearm gist set forth in the Fox News Article's headline.

39. The Fox News Article reported that responding officers spoke with three children fishing on the south side of the lake at Stillwater Lakes, that the children stated a man later identified as Plaintiff "walked up to them while holding a firearm and telling them to get off his property," and that "the property belonged to the HOA, not Tate, according to police." The Fox News Article thereby framed Plaintiff as having falsely claimed personal ownership of common-area HOA property as the predicate for the alleged firearm conduct, notwithstanding that, as alleged elsewhere herein, Plaintiff was at all

material times a member-owner of Stillwater Lakes Homeowner's Association, Inc. with the same equal beneficial interest in the Association's common-area property as every other resident-member.

40. The Fox News Article further reported specific dollar valuations attributed to the juvenile complainants, including that the children estimated the fishing rods and reels at $1,900, the tackle boxes and lures at $150, and the cast nets at $150, and that Plaintiff "allegedly took a phone valued at around $1,500 from one of the kids," followed by reportage that Plaintiff "was held on $5,000 bond - $2,500 per charge - which he later posted." The Fox News Article identified the only filed charges as "grand theft of property valued between $750 and $7,500, and criminal mischief greater than $1,000," both classified as third-degree felonies under Florida law, and did not identify any firearm-based offense as a charged or asserted offense.

41. By juxtaposing the headline and lead firearm gist with the body's express statement that the only filed charges were grand theft and criminal mischief, the Fox News Article internally confirmed that no firearm-based charge had been brought against Plaintiff, while simultaneously presenting in headline form, in lead form, and in image-caption form the contrary factual assertion that Plaintiff "pulled a gun on 3 kids fishing at lake before throwing tackle into woods."

42. The Fox News Article identified its author at the foot of the article as: "Greg Wehner is a breaking news reporter for Fox News Digital," with story-tip contact information at Greg.Wehner@Fox.com and the Twitter handle @GregWehner. On information and belief, Greg Wehner authored the Fox News Article in the course and scope of his

employment with Defendant Fox News Network, LLC and within the actual or apparent authority granted to him by Fox News Network, LLC.

43. The Fox News Article was published on the foxnews.com domain, a national news platform with substantial nationwide reach. As of the time of the Fox News Article's preservation by Plaintiff's counsel, Defendants' on-page reader-comment module, powered by OpenWeb, displayed approximately 1,200 reader comments and approximately 486 simultaneous viewers actively engaged with the Fox News Article's comment thread, which is direct circumstantial evidence of substantial publication, third-party readership, and reputational injury arising from the Fox News Article.

44. On information and belief, the Fox News Article was substantially derived from, or published in coordination with, the Fox 35 Orlando Article published the same day, May 2, 2024, given that the Fox News Article expressly attributed confirmation of Plaintiff's HOA presidency to "FOX 35 in Orlando" and tracked the same factual narrative, the same juvenile-source firearm allegation, the same dollar valuations, the same booking photograph, and the same property-ownership framing as the Fox 35 Orlando Article.

45. On April 3, 2026, Plaintiff served Defendant Fox News Network, LLC, through its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324, with the written pre-suit notice required by Fla. Stat. § 770.01, identifying the Fox News Article by URL and headline, specifying the challenged statements and defamatory gist therein, demanding removal, retraction, takedown, de-indexing, and preservation of evidence, and attaching a true and correct copy of the Fox News Article and a screenshot of the headline as Exhibits A and B to that notice. As of the date of this Complaint, the Fox News Article remains available on https://www.foxnews.com, the

headline has not been retracted, the booking image and image caption have not been removed, no on-page correction has been published, and no full and fair correction, apology, or retraction has been published in any medium of comparable prominence to the original publication.

46. On or about May 2, 2024, Defendants, operating WOFL FOX 35 Orlando, packaged the April 14, 2024 arrest as a "DEVELOPING STORY" television segment and broadcast that segment during Fox 35 Orlando's evening news programming.

47. On information and belief, the May 2, 2024 broadcasts featured WOFL FOX 35 Orlando anchors Luanne Sorrell and John Brown delivering on-air anchor content, and field reporter Manny Martinez delivering LIVE field-reporter content from Palm Bay, Brevard County, Florida.

48. The on-screen lower-third chyron displayed throughout the May 2, 2024 broadcasts read: "HOA president pulls gun on kids: officials." That broadcast headline differs materially from the Article's "affidavit" attribution: "officials", in the plural and without source qualification, implies that multiple authoritative officials independently confirmed the firearm allegation, when in fact the only source for the firearm claim was a single hearsay sentence in the Probable Cause Affidavit narrative attributed to the juvenile complainants and resulting in no firearms charge.

49. During the May 2, 2024 broadcasts, Defendants displayed Plaintiff's actual Brevard County Sheriff's Office booking photograph in full-screen presentation, accompanied by the lower-third chyron: "BOOKING IMAGE / ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS."

Defendants' deliberate use of the word "ATTORNEY" in the chyron expressly invoked Plaintiff's profession in connection with imputed firearms conduct against children.

50. On the same day the Article was published, May 2, 2024, an anonymous user operating an encrypted Proton Mail account under the pseudonym "RK_Reynolds" (RK_Reynolds@protonmail.com) circulated a link to the Article to a distribution list that included Plaintiff, Plaintiff's counsel, the Florida Bar member-address intake (memberaddress@flabar.org), Fox & Friends national (friends@foxandfriends.com), and CNN anchor Jim Sciutto (Jim_Sciutto@cnn.com). On information and belief, Defendants received their tip and lead for the Article, the Fox News Article, and the broadcasts from "RK_Reynolds" or from a closely related source, and did not investigate the source's identity, motives, or relationship to the underlying parties before publishing.

51. On June 17, 2024, the State Attorney for the Eighteenth Judicial Circuit, by and through Assistant State Attorney Amy Tucker McLaughlin, filed a Notice of No Information in State of Florida v. Kyle Patrick Tate, Brevard County Case No. 052024CF024336AXXXBC, declining to file an Information against Plaintiff.

52. On October 6, 2025, the Honorable Kathryn M. Speicher of this Court entered an Order to Expunge under Fla. Stat. § 943.0585 concerning Plaintiff's April 14, 2024 arrest, finding among other things that Plaintiff had not been adjudicated of, nor adjudicated delinquent for, committing any of the acts stemming from the arrest.

53. On April 3, 2026, Plaintiff served the Fox Defendants and WOFL/Fox 35 Orlando with written pre-suit notice under Fla. Stat. § 770.01, by certified mail, return receipt requested, including service on Defendant Fox News Network, LLC through its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation,

Florida 33324, identifying the May 2, 2024 Article, the May 2, 2024 Fox News Article, and the May 2, 2024 broadcasts as false and defamatory, specifying the challenged statements and defamatory gist, attaching a true and correct copy of the Fox News Article and a screenshot of its headline as Exhibits A and B to the notice, demanding removal and retraction, identifying the State Attorney's Notice of No Information and the Order to Expunge, and directing Defendants to cease further publication, republication, or rebroadcast.

54. On or about April 10, 2026, after Defendants received the April 3, 2026 § 770.01 notice, Defendants affirmatively rebroadcast a substantively related segment concerning Plaintiff's April 14, 2024 arrest during WOFL FOX 35 Orlando's evening news programming, and simultaneously distributed the segment via Fox News's Fox Local streaming platform (the on-screen "STREAMING ON FOX LOCAL" graphic confirms simultaneous streaming distribution). The on-screen graphic displayed throughout the April 10, 2026 segment read "STORY UPDATE." On information and belief, the April 10, 2026 rebroadcast was anchored by WOFL FOX 35 Orlando anchor Luanne Sorrell, the same anchor who personally delivered the original May 2, 2024 broadcast.

55. On information and belief, the on-air content of the April 10, 2026 rebroadcast included statements substantially as follows: that approximately two years earlier, Fox 35 Orlando had aired a story about Plaintiff Kyle Patrick Tate, an attorney who was also serving as an HOA president; that Plaintiff allegedly approached three minors who were fishing at a lake at Stillwater Lakes Subdivision; that, after receiving a letter from an attorney with Plaintiff's law firm, Fox 35 had researched the matter; that the case had been expunged and the State Attorney's office had no record of it; and that Fox 35 had reached out to

Plaintiff's attorney and his law firm for clarification about information contained in the letter and had not heard back. The April 10, 2026 rebroadcast did not expressly retract the prior firearm accusation.

56. Although the April 10, 2026 rebroadcast acknowledged the expunction and the State Attorney's lack of a record, and although the rebroadcast did not on-air repeat the specific words "gun" or "firearm," the rebroadcast was inadequate as a corrective publication and was itself defamatory by implication and by omission. Specifically, the rebroadcast (a) was framed and presented as a "STORY UPDATE" to the prior May 2, 2024 publications that had expressly accused Plaintiff of pulling a gun on children, such that ordinary viewers familiar with or made aware of the original story would understand the rebroadcast's reference to Plaintiff having "allegedly approached three minors who were fishing" as carrying forward the same defamatory firearm gist conveyed by the original publications; (b) failed to disclose the materially exculpatory fact that the Probable Cause Affidavit identified no firearm-based offense and that no firearms charge was ever brought against Plaintiff; (c) failed to correct the original May 2, 2024 Article's false "pulls gun on kids" headline and false article content; (d) failed to correct the May 2, 2024 broadcast chyrons and lower-third graphics, including "HOA president pulls gun on kids: officials" and "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS"; and (e) misleadingly characterized Plaintiff's counsel as having failed to respond to a clarification request, when in fact the April 3, 2026 § 770.01 notice from Plaintiff's counsel was the substantive response setting forth the corrective facts on which Defendants purported to rely.

57. The April 10, 2026 rebroadcast occurred after Defendants had been specifically advised in writing of the absence of any firearm-based charge, the State Attorney's Notice of No Information, the Order to Expunge, and the alleged falsity and defamatory gist of the May 2, 2024 publications and broadcasts. Defendants' selective disclosure of partial corrective facts in the April 10, 2026 rebroadcast, combined with Defendants' continuing failure to correct the underlying May 2, 2024 Article and embedded broadcast video, confirms Defendants' actual knowledge of the challenged falsity and defamatory gist.

58. On April 29, 2026, Fox News's Executive Vice President and General Counsel responded to the April 3, 2026 notice. The response refused removal of the Article, refused any on-air retraction, offered only a conditional editor's note appended to the Article in exchange for a release of all claims, did not acknowledge the April 10, 2026 post-notice rebroadcast, and did not acknowledge the May 2, 2024 television broadcasts.

59. On April 30, 2026, Plaintiff's counsel served a reply letter and supplemental § 770.01 notice as to the April 10, 2026 rebroadcast, identifying the named on-air personnel and demanding removal, retraction, on-air corrective relief, source disclosure, evidence preservation, monetary settlement, and a limited release preserving claims against non-Fox parties, with a deadline of 5:00 p.m. Eastern on Friday, May 1, 2026. Defendants did not provide the agreement requested by that deadline, and this action is timely commenced thereafter.

60. The Fox News Article remains available on https://www.foxnews.com to the present day, is indexed by Google, Bing, and other search engines, and returns prominently when any prospective client, opposing counsel, judge, or Florida Bar examiner searches Plaintiff's name. Defendants have refused to correct the Article, and remove and correct the Fox

News Article notwithstanding the April 3, 2026 § 770.01 notice, the State Attorney's Notice of No Information, and the Order to Expunge.

61. Plaintiff currently asserts claims based on the May 2, 2024 Article, the May 2, 2024 Fox News Article, and the May 2, 2024 broadcast as the actionable publication and broadcast events at issue in this initial Complaint.

62. Plaintiff pleads the April 10, 2026 rebroadcast as evidence of notice, fault, state of mind, actual malice, damages, failure to retract, preservation, and republication risk relevant to the currently asserted claims, and reserves the right to amend to assert the April 10, 2026 rebroadcast as a separate actionable publication after expiration of any applicable supplemental notice period under Fla. Stat. § 770.01.

63. Defendants acted recklessly in publishing and broadcasting the challenged May 2, 2024 statements, and in maintaining and refusing to retract them after receiving Plaintiff's April 3, 2026 notice of their alleged falsity.

64. Defendants published and broadcast the challenged statements with knowledge of their probable falsity or with reckless disregard for whether they were false.

65. Defendants had obvious reasons to question the accuracy and fairness of the challenged content because: (a) the Probable Cause Affidavit identified only Grand Theft and Criminal Mischief as asserted offenses and did not identify any firearm-based offense; (b) the firearm allegation appeared in the Probable Cause Affidavit as an attributed juvenile-source narrative allegation, not as an officer's personal observation, an adjudicated fact, or a charged firearm offense; (c) the headlines and broadcast chyrons converted that attributed allegation into a definitive factual assertion; (d) the broadcast "officials" wording and the Fox News Article's "court docs" (plural) attribution each implied

broader official confirmation than the affidavit supported; (e) the Fox News Article's own body text expressly identified the only filed charges as grand theft and criminal mischief, internally contradicting its firearm-based headline, lead, and image caption; (f) the Fox 35 Orlando Article quoted an unnamed mother's private-source accusation that was not part of any official record; and (g) the anonymous Proton Mail tip and same-day multi-outlet circulation pattern were themselves red flags requiring source-motive investigation.

66. The April 14, 2024 arrest was not breaking news when Defendants published the challenged Article, the Fox News Article, and the broadcasts on May 2, 2024. The eighteen-day interval between the arrest and publication afforded Defendants ample time to review the Probable Cause Affidavit, contact Plaintiff, contact the Stillwater Lakes HOA, contact law enforcement, contact the State Attorney, and avoid publishing a materially stronger defamatory gist than the official-source material supported.

67. Before the April 10, 2026 rebroadcast, Defendants had received Plaintiff's April 3, 2026 notice under Fla. Stat. § 770.01 identifying the challenged May 2, 2024 Article and broadcasts, specifying the alleged falsity and defamatory gist, demanding removal and retraction, advising Defendants of the absence of any firearms charge, the State Attorney's June 17, 2024 Notice of No Information, and the October 6, 2025 Order to Expunge, and directing Defendants to cease further publication or rebroadcast.

68. Defendants' April 10, 2026 affirmative post-notice rebroadcast, anchored by the same anchor who personally delivered the original May 2, 2024 broadcast, selectively disclosed only partial corrective facts (the expunction and the State Attorney's lack of a record), failed to fully retract or correct the original false "pulls gun" headline and broadcast chyrons, failed to fully correct the May 2, 2024 Articles from Defendants'

website, and was framed as a "STORY UPDATE" to the prior gun-focused story in a manner that perpetuated the defamatory firearm gist by implication. Defendants' continuing failure to fully remove or retract the May 2, 2024 publications notwithstanding the April 3, 2026 § 770.01 notice constitutes ongoing post-notice conduct from which a factfinder may infer notice, legally sufficient fault, knowledge of probable falsity, reckless disregard, and failure to retract.

69. The challenged Article, Fox News Article, and broadcasts were not fair, accurate, or substantially correct accounts of the Probable Cause Affidavit. Defendants converted an attributed, uncorroborated juvenile-source narrative allegation into the headline-level, article-level, and broadcast-level factual gist that Plaintiff pulled a gun on children; used "officials" wording in the broadcast and "court docs" (plural) wording in the Fox News Article that each implied broader official confirmation than the affidavit supported; and supplemented the official record with a non-official private-source accusation attributed to an unnamed mother in the Fox 35 Orlando Article and with juvenile-attributed dollar valuations and the "throwing tackle into woods" gist in the Fox News Article.

70. To the extent Defendants invoke § 770.04, Defendants failed to exercise due care in preparing, approving, publishing, broadcasting, maintaining, republishing, or rebroadcasting the challenged statements.

71. Each of the challenged statements identified above is defamatory per se because each imputes to Plaintiff conduct that, if true, would constitute aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a firearm under Fla. Stat. § 790.10, felony and serious-misdemeanor firearm offenses against children. The chyron "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING

STUFF INTO WOODS" further imputes conduct incompatible with the proper exercise of Plaintiff's profession as a licensed attorney.

**COUNT I**
**DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 FOX 35 ORLANDO ARTICLE**
*(Against Defendant Fox Television Stations, LLC)*

72. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

73. On May 2, 2024, Defendant Fox Television Stations, LLC, operating WOFL FOX 35 Orlando, published or caused to be published on https://www.fox35orlando.com the Article titled "Florida HOA president pulls gun on kids fishing on property: affidavit," bylined to Aurielle Eady, concerning Plaintiff and the April 14, 2024 arrest. The Article was published to third parties, including readers in Florida, nationally, and elsewhere.

74. The Article was of and concerning Plaintiff, who was identified by name, age, and town of residence.

75. The Article's headline ("Florida HOA president pulls gun on kids fishing on property"), lead (Plaintiff was "taken to jail last month for allegedly approaching three kids with a gun"), private-source quotation from the unnamed mother ("a gun should've never been pulled on them"), and ownership framing (the lake "belongs to the HOA and not Tate") were false and defamatory because they communicated to ordinary readers that Plaintiff pulled, displayed, used, or threatened a firearm against children.

76. The challenged Article statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children, including, if true, aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a firearm under Fla. Stat. § 790.10, and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

77. Defendant Fox Television Stations, LLC published the challenged Article statements with knowledge of probable falsity or reckless disregard for whether the content was false, as alleged in the preceding paragraphs.

78. As a direct and proximate result of Defendant Fox Television Stations, LLC's publication of the Article, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox Television Stations, LLC d/b/a WOFL FOX 35 Orlando for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

## COUNT II
**DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 FOX NEWS NATIONAL ARTICLE**
*(Against Defendant Fox News Network, LLC)*

79. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

80. On May 2, 2024, Defendant Fox News Network, LLC published or caused to be published on its national news website at https://www.foxnews.com the Fox News Article titled "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs," bylined to Fox News Digital reporter Greg Wehner, concerning Plaintiff and the April 14, 2024 arrest. The Fox News Article was published to third parties, including readers in Florida, nationally, and elsewhere.

81. The Fox News Article was of and concerning Plaintiff, who was identified by full name, age, town of residence, and HOA-presidency status.

82. The Fox News Article's headline ("Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs"), subheadline ("Kyle Tate is charged with grand theft and criminal mischief"), lead (Plaintiff "allegedly pull[ed] a gun on three kids fishing at a lake in his subdivision, taking their equipment and throwing the rods, reels and tackle into the woods, according to court documents"), booking-image caption (Plaintiff "was arrested after allegedly pulling a gun on three kids fishing at a lake, claiming they were on his property"), and ownership framing ("the property belonged to the HOA, not Tate, according to police") were false and defamatory because they communicated to ordinary readers that Plaintiff pulled, displayed, used, or threatened a firearm against children. The Fox News Article's express attribution of the firearm gist to "court docs" in the plural materially exceeded the Probable Cause Affidavit's actual content and implied broader official confirmation than the source material supported.

83. The challenged Fox News Article statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children, including, if true, aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a firearm under Fla. Stat. § 790.10, and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

84. Defendant Fox News Network, LLC published the challenged Fox News Article statements with knowledge of probable falsity or reckless disregard for whether the content was false. The Fox News Article's own body text expressly identified the only filed charges as grand theft and criminal mischief, internally contradicting the Fox News Article's firearm-based headline, lead, and image caption, and giving Defendant Fox News Network, LLC actual knowledge of probable falsity at the time of publication.

85. As a direct and proximate result of Defendant Fox News Network, LLC's publication of the Fox News Article, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial. The Fox News Article's publication on a national platform with substantial nationwide reach, as evidenced by the approximately 1,200 reader comments and approximately 486 simultaneous viewers actively engaged with the Fox News Article's comment thread, magnified the reputational injury to Plaintiff beyond that caused by any single regional publication.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox News Network, LLC for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

## COUNT III
### BROADCAST DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 BROADCASTS
*(Against Fox Television Stations, LLC)*

86. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

87. On or about May 2, 2024, Defendants broadcast or caused to be broadcast television segments concerning Plaintiff and the April 14, 2024 arrest during WOFL FOX 35 Orlando's evening news programming. The May 2, 2024 broadcasts were transmitted to third-party viewers in Florida and elsewhere.

88. The May 2, 2024 broadcasts were of and concerning Plaintiff, who was identified by name, by booking image, and by HOA-presidency status.

89. The May 2, 2024 broadcasts used on-screen lower-third chyron language including "HOA president pulls gun on kids: officials" and "BOOKING IMAGE / ATTORNEY

ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," framed the matter as a "DEVELOPING STORY," and visually identified Plaintiff through his actual booking photograph.

90. The challenged broadcast statements were false and defamatory because they communicated to ordinary viewers that Plaintiff committed serious firearm-related misconduct involving children. The "officials" wording materially exceeded the Article's "affidavit" attribution and implied broader official confirmation than the limited Probable Cause Affidavit narrative supported. The "ATTORNEY ACCUSED OF" chyron expressly tied the firearm accusation to Plaintiff's profession.

91. The challenged broadcast statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

92. Defendants broadcast the challenged statements with knowledge of probable falsity or reckless disregard for whether the content was false, as alleged in the preceding paragraphs.

93. As a direct and proximate result of Defendants' broadcast of the challenged statements, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox Television Stations, LLC d/b/a WOFL FOX 35 Orlando, jointly and severally, for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

## COUNT IV
## DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 FOX 35 ORLANDO ARTICLE
### (Against Defendant Fox Television Stations, LLC)

94. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

95. The May 2, 2024 Fox 35 Orlando Article, considered as a whole, communicated to ordinary readers a false and defamatory implication beyond any isolated literal wording, namely, that official sources had confirmed that Plaintiff pulled, displayed, or used a firearm against children.

96. Defendant Fox Television Stations, LLC juxtaposed the "pulls gun" headline with the word "affidavit" in a manner conveying that the firearm accusation had stronger official confirmation than the Probable Cause Affidavit fairly supported. Defendant reinforced the same defamatory implication through the unnamed mother's private-source accusation ("a gun should've never been pulled on them"), the embedded booking image and embedded video player captioned "HOA president allegedly pulls gun on kids," and the framing of the children as fishing on property belonging to the HOA and not Plaintiff. The Article failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

97. The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense, and because Defendant Fox Television Stations, LLC presented an uncharged juvenile-source allegation as confirmed fact.

98. Defendant Fox Television Stations, LLC created and published the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false.

99. As a direct and proximate result of Defendant Fox Television Stations, LLC's defamatory implication, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox Television Stations, LLC d/b/a WOFL FOX 35 Orlando for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT V**
**DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 FOX NEWS NATIONAL ARTICLE**
*(Against Defendant Fox News Network, LLC)*

100.    Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

101.    The May 2, 2024 Fox News Article, considered as a whole, communicated to ordinary readers a false and defamatory implication beyond any isolated literal wording, namely, that multiple official court records had confirmed that Plaintiff pulled, displayed, or used a firearm against children.

102.    Defendant Fox News Network, LLC juxtaposed the "pulls gun on 3 kids fishing at lake before throwing tackle into woods" headline with the words "court docs" in the plural in a manner conveying that multiple court records had corroborated the firearm gist when in fact only a single Probable Cause Affidavit existed and no firearm-based charge had been brought. Defendant reinforced the same defamatory implication through the booking-image caption (Plaintiff "was arrested after allegedly pulling a gun on three kids

fishing at a lake, claiming they were on his property"), the subheadline pairing Plaintiff's name with the firearm-based headline, the property-ownership framing ("the property belonged to the HOA, not Tate, according to police"), and the side-by-side juxtaposition of the firearm gist with body text identifying only grand theft and criminal mischief as filed charges. The Fox News Article failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

103.    The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense; because no "court docs" in the plural existed; and because Defendant Fox News Network, LLC presented an uncharged juvenile-source allegation as confirmed fact attributed to multiple official court records.

104.    Defendant Fox News Network, LLC created and published the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false. The Fox News Article's own body text expressly identified only grand theft and criminal mischief as the filed charges, internally contradicting the firearm-based headline, lead, and image caption, and giving Defendant Fox News Network, LLC actual knowledge that the "court docs" implication was false at the time of publication.

105.    As a direct and proximate result of Defendant Fox News Network, LLC's defamatory implication, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial. The Fox News Article's publication on a national platform with

substantial nationwide reach magnified the reputational injury arising from the defamatory implication.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox News Network, LLC for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

## COUNT VI
## DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 BROADCASTS
*(Against Fox Television Stations, LLC)*

106. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

107. The May 2, 2024 broadcasts on WOFL FOX 35 Orlando, considered as a whole, communicated to ordinary viewers a false and defamatory implication beyond any isolated literal wording, namely, that multiple official sources had independently confirmed that Plaintiff, in his professional capacity as an attorney, pulled, displayed, or used a firearm against children.

108. Defendants juxtaposed the "HOA president pulls gun on kids" lower-third chyron with the word "officials" in the plural and without source qualification in a manner conveying that multiple authoritative officials had independently confirmed the firearm allegation, when in fact the only source for the firearm claim was a single hearsay sentence in the Probable Cause Affidavit narrative attributed to the juvenile complainants and resulting in no firearms charge. Defendants reinforced the same defamatory implication through the "DEVELOPING STORY" framing, the full-screen presentation of Plaintiff's booking photograph, and the lower-third chyron "BOOKING IMAGE /

ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," which deliberately invoked Plaintiff's profession in connection with the imputed firearms conduct against children. The broadcasts failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

109.    The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense; because no multiple "officials" had independently confirmed the firearm allegation; and because Defendants presented an uncharged juvenile-source allegation as confirmed fact attributed to multiple official sources.

110.    Defendants created and broadcast the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false.

111.    As a direct and proximate result of Defendants' broadcast defamatory implication, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox Television Stations, LLC d/b/a WOFL FOX 35 Orlando, jointly and severally, for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT VII**
**DECLARATORY AND POST-ADJUDICATION EQUITABLE RELIEF**
*(Against Both Defendants)*

112.    Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

113.     This count is brought under Florida's Declaratory Judgment Act, Fla. Stat. ch. 86, and under this Court's inherent equitable authority. Plaintiff seeks post-adjudication equitable relief that the challenged statements and implications are false, defamatory, actionable, published with legally sufficient fault, and not protected by any applicable privilege.

114.     An actual, present, and bona fide controversy exists between the parties as to whether the challenged Article, the Fox News Article, and the broadcasts are false and defamatory and as to whether the challenged content remains within Defendants' control such that Defendants may be required, after adjudication, to remove, correct, retract, update, or make reasonable de-indexing requests as to that content.

115.     The challenged Article, the Fox News Article, the booking image and image caption, associated embedded video content, broadcast clips, social-media posts, teasers, on-demand replays, streaming versions (including on Fox Local and Fox News Digital), syndicated versions, archive copies, and rebroadcast materials are within Defendants' possession, custody, control, or practical ability to remove, correct, retract, update, or request de-indexing from Fox-controlled platforms or distribution channels, including https://www.foxnews.com and https://www.fox35orlando.com.

116.     Plaintiff seeks a declaration, after adjudication, that the challenged statements and implications are false, defamatory, actionable, published with legally sufficient fault, and not protected by any applicable privilege; and narrowly tailored post-adjudication equitable relief requiring Defendants to (a) remove, correct, retract, or update the challenged content within Defendants' possession or control; (b) make reasonable de-indexing or removal requests to search engines, syndication recipients, streaming

platforms, and third-party platforms to which Defendants supplied, licensed, distributed, syndicated, or caused publication of content adjudicated false, defamatory, actionable, and nonprivileged; and (c) publish corrective statements reasonably commensurate with the publication and broadcast prominence of the statements adjudicated false.

WHEREFORE, Plaintiff KYLE P. TATE respectfully requests that the Court enter declaratory and narrowly tailored post-adjudication equitable relief consistent with the foregoing, together with such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KYLE P. TATE respectfully demands judgment against Defendants Fox News Network, LLC and Fox Television Stations, LLC d/b/a WOFL FOX 35 Orlando, jointly and severally where permitted by law, and requests the following relief:

A.  Compensatory damages in an amount to be determined by the trier of fact, in excess of $50,000.00, exclusive of interest, costs, and attorneys' fees;

B.  Presumed damages on the defamation per se claims to the extent permitted by Florida law;

C.  Damages for injury to reputation, professional standing, business and client relationships, humiliation, mental anguish, emotional distress, and other recoverable harms proven at trial;

D.  Declaratory relief, after appropriate adjudication, determining that the challenged statements and implications are false, defamatory, actionable, and not protected by any applicable privilege;

E.  Post-adjudication equitable relief requiring removal, correction, retraction, reasonable de-indexing requests, and related corrective measures only as to content adjudicated false, defamatory, actionable, and nonprivileged, and only to the extent such content is within Defendants' possession, custody, control, or practical ability to remove, correct, retract, update, or request de-indexing;

F.  Prejudgment interest to the extent recoverable by law;

G.  Taxable costs;

H.  Attorneys' fees to the extent authorized by statute, rule, contract, or other applicable law; and

I.  Such other and further relief as the Court deems just and proper.

Plaintiff does not presently assert a claim for punitive damages in this initial pleading and expressly reserves the right to seek leave to amend to assert punitive damages.

## RESERVATION OF RIGHTS

This Complaint is brought against the Fox-related Defendants only. Plaintiff expressly reserves all claims, causes of action, and remedies, at law and in equity, against any other person or entity, including without limitation the City of Palm Bay; the Palm Bay Police Department; Officer Arliz Barraza (#158); Officer Kevin Marcum; Sergeant Alcine Phang-Pennington; the Brevard County Sheriff's Office; Sheriff Wayne Ivey; Stillwater Lakes Homeowner's Association, Inc.; Scott Ritchie; Mark ("Eddie") Roberts; Kim Horn; the Proton Mail user "RK_Reynolds"; and any other co-conspirator. Nothing in this Complaint or in any later settlement of this matter shall be construed as a release of any such claim. Plaintiff further reserves the right to seek leave to amend to add individual Fox personnel and additional claims (including any claim arising from the April 10, 2026 rebroadcast as a separate actionable

publication) after satisfaction of any applicable pre-suit notice requirement, after waiver, after

expiration of any applicable supplemental notice period, or after discovery identifies additional

legally responsible actors.

### DEMAND FOR JURY TRIAL

Pursuant to Fla. R. Civ. P. 1.430, Plaintiff demands trial by jury on all issues so triable as of right.

Dated: May 1, 2026.

Respectfully submitted,

*s/ Lawrence H. Collins*
Lawrence H. Collins, FBN 38423
TATECOLLINS
P.O. Box 2427
Orlando, Florida 32802
Telephone: (407) 205-6100
lawrence@tatecollins.com
clerk@tatecollins.com
*Counsel for Plaintiff Kyle P. Tate*

Filing # 247328469 E-Filed 05/01/2026 10:23:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,
      Plaintiff,
v.

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,
      Defendants.

CASE NO.: _____

_____ /

### SUMMONS/ORDERN DE COMPARECENCIA/CITATION

**TO/PARA/A:** Fox News Network, LLC
        c/o C T Corporation System
        1200 South Pine Island Rd
        Plantation, FL 33324

### IMPORTANT

A lawsuit has been filed against you. You have **TWENTY (20) calendar days** after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at 2825 Judge Fran Jamieson Way, Viera, FL 32940. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the court to hear your side of the case.

**If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the court you must also mail or take a copy of your written response to the party serving this summons at: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**
**You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**TO THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this summons and Complaint in this lawsuit on the above-named person.

      **WITNESS** my hand and the seal of the Court this _____ day of May, 2026.

                    **RACHEL M. SADOFF**
                    **Clerk of Circuit Court**

                    By:  _____
                          Deputy Clerk

## IMPORTANTE

      Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 2825 Judge Fran Jamieson Way, Viera, FL 32940. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

      Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

      Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

      **Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

      **Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 2825 Judge Fran Jamieson Way, Viera, FL 32940Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone:(407) 205-6100.

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle.** Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

Filing # 247328469 E-Filed 05/01/2026 10:23:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,
      Plaintiff,

v.

CASE NO.: _____

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,
      Defendants.

_____/

### SUMMONS/ORDERN DE COMPARECENCIA/CITATION

**TO/PARA/A:** Fox Television Stations, LLC
           c/o C T Corporation System
           1200 South Pine Island Rd
           Plantation, FL 33324

### IMPORTANT

A lawsuit has been filed against you. You have **TWENTY (20) calendar days** after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at 2825 Judge Fran Jamieson Way, Viera, FL 32940. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the court to hear your side of the case.

**If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the court you must also mail or take a copy of your written response to the party serving this summons at: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**
**You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

TO THE STATE OF FLORIDA
**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this summons and Complaint in this lawsuit on the above-named person.

WITNESS my hand and the seal of the Court this _____ day of May, 2026.

**RACHEL M. SADOFF**
**Clerk of Circuit Court**


By: _____

Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 2825 Judge Fran Jamieson Way, Viera, FL 32940. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

<u>IMPORTANT</u>

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 2825 Judge Fran Jamieson Way, Viera, FL 32940Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone:(407) 205-6100.

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle.** Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

Filing # 247328469 E-Filed 05/04/2026 10:28:48 AM

## EXHIBIT A

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
### IN AND FOR (BREVARD/SEMINOLE) COUNTY, FLORIDA

KYLE P. TATE
_____
      Plaintiff,

FOX NEWS NETWORK, LLC

v.

FOX TELEVISION STATIONS, LLC
_____
      Defendant.

Case No _____

### CIVIL CASE MANAGEMENT TRACK DESIGNATION FORM

**I.**    **Case Track Assignment** (track must be selected with a "check mark" or "X"): Case disposition times for all case tracks have been established in accordance with Rule 2.250(a)(1)(B), *Florida Rules of General Practice and Judicial Administration.*

    __X__    **Streamlined Track**: Case to be resolved within 12 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). *"Streamlined"* cases should have few parties and witnesses, few anticipated pretrial motions, minimal discovery, and document production.

    _____    **General Track**: Case resolved within 18 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). *"General"* cases are all other actions that do not meet the criteria for streamlined or complex.

    _____    **Complex Track**: Case to be resolved within 30 months after the expiration of the time to perfect service of process under *Fla.R.Civ.P.* 1.070(j) (120 days). The Court will issue an initial General Track Case Management Order, and thereafter parties shall comply with *Fla.R.Civ.P.* 1.201(a) by filing an appropriate motion to declare the case complex and serving such motion to the assigned judge.

**II.**    **Trial Information**

• **Identification of Jury or Non-Jury Trial:** __X__ **Jury Trial;** _____ **Non-Jury Trial.**

• **Estimated Length of Trial** (specify the number of trial days): ____3____.

**I CERTIFY** that the information I have provided above is accurate to the best of my knowledge and belief, and that I have read and will comply with the Court's current Administrative Order on Case Management.

Signature: _____ Fla. Bar #(if attorney) __38423_____
               Attorney or party

Printed Name: __Lawrence H. Collins__    Date: __5/1/2026_____

Filing # 247328469 E-Filed 05/01/2026 10:23:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,
      Plaintiff,
v.

CASE NO.: <u>05-2026-CA-029010-XXCA-BC</u>

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,
      Defendants.
_____/

### SUMMONS/ORDERN DE COMPARECENCIA/CITATION

**TO/PARA/A:** Fox News Network, LLC
        c/o C T Corporation System
        1200 South Pine Island Rd
        Plantation, FL 33324

### IMPORTANT

A lawsuit has been filed against you. You have **TWENTY (20) calendar days** after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at 2825 Judge Fran Jamieson Way, Viera, FL 32940. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the court to hear your side of the case.

**If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the court you must also mail or take a copy of your written response to the party serving this summons at: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**
**You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**TO THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this summons and Complaint in this lawsuit on the above-named person.

WITNESS my hand and the seal of the Court this ___6___ day of May, 2026.

**RACHEL M. SADOFF**
**Clerk of Circuit Court**

By: _____
Deputy Clerk

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 2825 Judge Fran Jamieson Way, Viera, FL 32940. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 2825 Judge Fran Jamieson Way, Viera, FL 32940Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone:(407) 205-6100.

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle.** Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

Filing # 247328469 E-Filed 05/01/2026 10:23:16 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,
     Plaintiff,
v.

CASE NO.: <u>05-2026-CA-029010-XXCA-BC</u>

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,
     Defendants.

_____/

## SUMMONS/ORDERN DE COMPARECENCIA/CITATION

**TO/PARA/A:** Fox Television Stations, LLC
          c/o C T Corporation System
          1200 South Pine Island Rd
          Plantation, FL 33324

## IMPORTANT

A lawsuit has been filed against you. You have **TWENTY (20) calendar days** after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at 2825 Judge Fran Jamieson Way, Viera, FL 32940. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the court to hear your side of the case.

**If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the court you must also mail or take a copy of your written response to the party serving this summons at: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**
**You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

TO THE STATE OF FLORIDA

**TO EACH SHERIFF OF THE STATE:** You are commanded to serve this summons and Complaint in this lawsuit on the above-named person.

WITNESS my hand and the seal of the Court this ___6___ day of May, 2026.

**RACHEL M. SADOFF**
**Clerk of Circuit Court**

By: _____

Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 2825 Judge Fran Jamieson Way, Viera, FL 32940. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone: (407) 205-6100.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 2825 Judge Fran Jamieson Way, Viera, FL 32940Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: Lawrence H. Collins, Esq., P.O. Box 2427, Orlando, FL 32802; Telephone:(407) 205-6100.

Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.

Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.

Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator at Brevard Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 3 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.

Filing # 248258398 E-Filed 05/15/2026 09:44:07 AM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO: 05-2026-CA-029010-XXCA-BC

**KYLE P TATE,**
  **Plaintiff,**

-vs-

**FOX NEWS NETWORK LLC**
**FOX TELEVISION STATIONS LLC**
**WOFL FOX 35 ORLANDO,**
  **Defendant.**

----

## CASE MANAGEMENT ORDER
## (STREAMLINED)

THIS CAUSE having come before the Court upon the commencement of this action and to inform the parties of the projected trial period for this matter, and the Court's deadlines and cutoff dates that will control the management of this action pursuant to Administrative Order AO25-08, and Pursuant to the dictates of Administrative Order AOSC 20-23 as amended of the Florida Supreme Court, it is hereby:

**ORDERED** that the following trial period, pretrial conference date, deadlines and cutoff dates are applicable to this action, and that same will be strictly applied by the Court:

## Case Management Abbreviations[1]

[1] **Abbreviations**: Plaintiff=PL; Defendant=DF; Case Management Order=CMO; Pretrial Conference-PTC

1. **Trial Period Start Date and Pretrial Conference Date***

| *Not to Exceed 12 months after the date for service of process under 1.070(j). (120 days). *To be completed by court based on Track Designation Form | Projected Trial Period: | Monday, September 13, 2027 |
|---|---|---|
| | Pre-Trial Conference Date: | Tuesday, August 31, 2027 |
| | Jury Trial or Non-Jury Trial: | Jury Trial |
| | Estimated Number of Trial Days: | three (3) |
| | Final Date (Actual Trial Period) will be confirmed by Order Setting: Trial, Pre-Trial Conference, and Directing Pre-Trial Compliance | |

2. **Initial Meet/Confer, Discovery Disclosure and Service of Process**

| | |
|---|---|
| Perfect Service of Process: | 120 days after filing complaint or addition of party. |
| Perfect Service of Process **under and extension** | 60 days after order granting extension. |
| **Initial Discovery Disclosure** Irrespective if any formal discovery requests are made, each party shall provide the other party(ies) the following initial discovery disclosures unless privileged or protected: 1. name, address (if known), telephone number and email address for each individual likely to have discoverable information (including the subject matter of that information) that the disclosing party may use to support its claims and defenses; 2. a copy; or description by category and location of all documents, ESI and tangible things that the disclosing party may use to support its claims and defenses; 3. a computation for each category of economic damages claimed by the disclosing party and a copy of any supporting documentation or evidence (for non-economic damages set forth each category and provide supporting documents); 4. a copy of any insurance policy or agreement that may provide coverage indemnification for the disclosing party if found liable for a possible judgment in the action. **Unacceptable Excuses.** A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. | 60 days after each Defendant is served. (**Notice of Compliance shall be filed 5 days thereafter**) |

3. **Deadlines and Cutoff Dates[2]**
   **(Calculated as days before Pretrial Conference Date)**

[2] When calculating deadlines based on the Pre-Trial Conference date, if the deadline falls on a weekend or holiday, the deadline will be taken as the last business day prior to the deadline date. *E.g.*, if 10 days prior to the Pre-Trial Conference date falls on Saturday, March 13th, the deadline for mediation to be completed would be Friday, March 12th (*not* Monday, March 15th).

| Deadlines and Cutoff Dates | Number of Days before Pretrial Conference |
|---|---|
| **1) Plaintiff and Defendant(s) are to disclose potential fact witnesses (including treating physicians and/or non-retained experts)** *Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court. The formal Fact Witness List will be filed in accordance with Para. 9 below.* | 120 days prior to PTC date *(Notice of Compliance shall be filed 5 days thereafter)* |
| **2) Filing of Plaintiff Expert Witness List** Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition. Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 120 days prior to PTC date |
| **3) Filing of Defendant Expert Witness List** Regardless if Plaintiff propounds expert discovery, Defendant will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition. Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 100 days prior to PTC date |
| **4) Motions to amend pleadings or add new parties to be <u>filed</u> and served** | 80 days prior to PTC date |
| **5) Formal identification of *Fabre* Defendants** | 80 days prior to PTC date |
| **6) Filing of Plaintiff Rebuttal Expert Witness List (if applicable)** Regardless if Defendant propounds expert discovery, Plaintiff will disclose: Names/address; area of expertise; subject matter of expected testimony; substance of facts and opinions; summary of grounds on which opinion is based; and at least 2 available dates for deposition. Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. | 80 days prior to PTC date |
| **7) Mediator and Mediation Date <u>agreed to</u>** | 80 days prior to PTC date |
| **8) All CME Rule 1.360 exams completed** (counsel should schedule the CME as soon as Plaintiff discloses expert witnesses and not upon approaching this deadline) | 80 days prior to PTC date |

| | |
|---|---|
| 9)  <u>Filing</u> of Plaintiff and Defendant Fact Witness List and Exhibit List | 60 days prior to PTC date |
| 10)  Disclosure of post-accident surveillance to be used at trial<br>*Exchanged between the parties to facilitate pre-trial discovery, but not filed with the Court* | 60 days prior to PTC date |
| 11)  CME Report prepared and provided to Plaintiff<br>(If Defendant intends to call CME Dr to testify, DF shall provide 3 available depo dates within 10 days after report) | 50 days prior to PTC date<br><br>*(Notice of Compliance shall be filed 5 days thereafter)* |
| 12)  All dispositive motions and summary judgment motions <u>filed</u> and served | 55 days prior to PTC date |
| 13)  All expert discovery and responses completed by | 45 days prior to PTC date |
| 14)  All Daubert motions <u>filed</u> and served | 40 days prior to PTC date |
| 15)  Completion of Fact Discovery (including Depositions) | 20 days prior to PTC date |
| 16)  All Daubert Motions/Expert Objections noticed and heard<br>(Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue)<br>Responsibility for scheduling the hearing shall be upon the party filing the Motion or Objection. | 20 days prior to PTC date |
| 17)  Disclosure of all *Northrup* impeachment materials | 20 days prior to PTC date |
| 18)  Plaintiff and Defendant final disclosure of all trial witnesses<br>(Counsel should designate which of previously disclosed witnesses they intend to call at trial)<br>*Exchanged between the parties to facilitate trial preparation, but not filed with the Court* | 15 days prior to PTC date<br><br>*(Notice of Compliance shall be filed 5 days thereafter)* |
| 19)  Plaintiff and Defendant disclosure of all trial exhibits<br>(Counsel should designate which of previously disclosed exhibits they intend to use at trial)<br>*Exchanged between the parties to facilitate trial preparation, but not filed with the Court* | 15 days prior to PTC date<br><br>*(Notice of Compliance shall be filed 5 days thereafter)* |

| | |
|---|---|
| 20) **All Motions noticed and heard (except *Daubert* motions, motion for summary judgment, and motions in limine)** | 10 days prior to PTC date |
| 21) **Plaintiff/Defendant exchange and <u>filing</u> of Notice of Depo Designations** | 10 days prior to PTC date |
| 22) **All motions for summary judgment heard** (Responsibility for scheduling hearing shall be upon the party filing the Motion or Objection) | 7 days prior to PTC date |
| 23) **Plaintiff/Defendant exchange and <u>filing</u> of objections and counter-designations to depo designations** | 7 days prior to PTC date |
| 24) **Alternative Dispute Resolution Completed** | 7 days prior to PTC date |
| 25) **Attorney Meet/Exchange/Inspect/Pretrial Stipulation** Exchange/examine pre-trial exhibits, discuss settlement; determine stipulated facts and issues; prepare pre-trial statement/stipulation; complete pre-trial checklist and proposed pre-trial conference order; confirm witnesses and contact info; review video depo and exhibits to be used at trial; agree on jury instructions, verdict form, and exhibit logs | 5 days prior to PTC date |
| 26) **Plaintiff/Defendant objections to depo designations noticed and heard\*** | \*5 days prior to trial |
| 27) **All Motions in limine noticed and heard\*** | \*5 days prior to trial |

**IT IS FURTHER ORDERED** that:

1.  **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.  **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3.  **MODIFICATION OF THIS ORDER:** The parties may only alter or extend the deadlines in this Order as follows: Parties may submit an agreed order to extend a deadline if the extension does not affect the ability to comply with the remaining deadlines or the Projected Trial Period in this case management order. If an extension will affect a subsequent deadline or the Projected Trial Period, the Parties may seek amendment of this Case Management Order pursuant to *Fla.R.Civ.P.* 1.200(e)(3). After an Actual Trial Period has been set by the Court; if an extension will affect a subsequent deadline the Parties may seek amendment of this Case Management Order pursuant to *Fla.R.Civ.P.* 1.200(e)(3), *provided it does not affect the Actual Trial Period.* If an extension will affect the Actual Trial Period, the Parties must seek continuance pursuant to

*Fla.R.Civ.P.* 1.460

4.    **MOTIONS OR NOTICES FOR TRIAL:** Parties may file a Motion for Trial if they are ready for trial prior to the above-projected trial period or Actual Trial period pursuant to Rule 1.440. The Plaintiff shall forward a copy of the Motion for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5.    **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with each Division's Policies and Procedures, the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of service on defendant(s) that all parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

    **DONE AND ORDERED** this Friday, May 15, 2026, in Brevard County, Florida.

    __/S/  George T. Paulk____
CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

*A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.*

COLLINS, LAWRENCE HOSSAIN
lawrence@tatecollins.com
lexcollins@me.com
clerk@tatecollins.com

on Friday, May 15, 2026.

05-2026-CA-029010-XXCA-BC 05/15/2026 09:44:03 AM

Joanna Linkous, Case Manager
05-2026-CA-029010-XXCA-BC 05/15/2026 09:44:03 AM

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

Filing # 248269216 E-Filed 05/15/2026 10:59:33 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,                                    CASE NO.: 05-2026-CA-029010-XXCA-BC

        Plaintiff,

v.

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,

        Defendants.

_____/

### **WAIVER OF SERVICE OF PROCESS OF FOX NEWS NETWORK, LLC**

**TO:**    Lawrence H. Collins, Esq.
       TATECOLLINS
       P.O. Box 2427
       Orlando, Florida 32802

I acknowledge receipt of your request that I waive service of a summons in the action of

*Kyle P. Tate v. Fox News Network, LLC, et al.*, which is Case No. 05-2026-CA-029010-XXCA-

BC in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. I

have also received a copy of the Complaint, two copies of this instrument, and a means by which

I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint

in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

judicial process in the manner provided by the Florida Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Florida Rule of Civil Procedure 1.140 is not served upon Plaintiff within sixty (60) days after May 8, 2026, the date on which the Notice of Lawsuit and Request for Waiver of Service of Process was sent (or within ninety (90) days after that date if the request was sent outside the United States).

Date: _____05/13/26_____

_____

Deanna K. Shullman, Esq.
Florida Bar No. 514462
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
*Counsel for Defendant Fox News Network, LLC*

Filing # 248269216 E-Filed 05/15/2026 10:59:33 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KYLE P. TATE,                                    CASE NO.: 05-2026-CA-029010-XXCA-BC

       Plaintiff,

v.

FOX NEWS NETWORK, LLC, a Delaware
limited liability company; and FOX
TELEVISION STATIONS, LLC, a Delaware
limited liability company, d/b/a WOFL
FOX 35 ORLANDO,

       Defendants.

_____/

## WAIVER OF SERVICE OF PROCESS OF FOX TELEVISION STATIONS, LLC

**TO:**   Lawrence H. Collins, Esq.
       TATECOLLINS
       P.O. Box 2427
       Orlando, Florida 32802
       lawrence@tatecollins.com

I acknowledge receipt of your request that I waive service of a summons in the action of

*Kyle P. Tate v. Fox News Network, LLC, et al.*, which is Case No. 05-2026-CA-029010-XXCA-

BC in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. I

have also received a copy of the Complaint, two copies of this instrument, and a means by which

I can return the signed Waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint

in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with

judicial process in the manner provided by the Florida Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Florida Rule of Civil Procedure 1.140 is not served upon Plaintiff within sixty (60) days after May 8, 2026, the date on which the Notice of Lawsuit and Request for Waiver of Service of Process was sent (or within ninety (90) days after that date if the request was sent outside the United States).

Date: _____05/13/26_____

_Deanna K. Shullman_

Deanna K. Shullman, Esq.
Florida Bar No. 514462
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Suite 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
*Counsel for Defendant Fox Television Stations, LLC*