**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KYLE P. TATE,

CASE NO.: 6:26-cv-1204-GAP-DCI

Plaintiff,

v.

FOX NEWS NETWORK, LLC, a Delaware Limited Liability Company; FOX TELEVISION STATIONS, LLC, a Delaware Limited Liability Company; and OREGON TELEVISION, LLC, an Oregon Limited Liability Company,

Defendants.
_______________________________________/

# FIRST AMENDED COMPLAINT

Plaintiff, KYLE P. TATE, by and through undersigned counsel, sues Defendants FOX NEWS NETWORK, LLC, FOX TELEVISION STATIONS, LLC, and OREGON TELEVISION, LLC (collectively, the "Fox Defendants" or "Defendants"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for defamation, libel per se, broadcast defamation, and defamation by implication, with post-adjudication declaratory and equitable remedies sought in the Prayer for Relief, arising from (a) Defendants' May 2, 2024 online article published on Fox 35 Orlando titled "Florida HOA president pulls gun on kids fishing on property: affidavit," (b) Defendants' May 2, 2024 online article published nationally on Fox News Digital at https://www.foxnews.com, bylined to Fox News reporter Greg Wehner, and titled "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle

into woods: court docs," and (c) related May 2, 2024 television broadcasts on WOFL FOX 35 Orlando concerning Plaintiff Kyle P. Tate.

2. The challenged publications and broadcasts communicated the false and defamatory gist that Mr. Tate pulled, displayed, used, or threatened a firearm against children while they were fishing at a subdivision lake associated with Stillwater Lakes Homeowner's Association, Inc.

3. Defendants did not merely report the existence of an arrest affidavit. Defendants materially amplified and altered the official-source material by transforming an uncharged, uncorroborated juvenile-source firearm allegation into the headline-level and broadcast-level factual gist that Mr. Tate pulled a gun on children. Defendants further reinforced that defamatory gist with on-air chyron language including "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," and, when the broadcast video was viewed online, with a static banner reading "HOA president pulls gun on kids: officials."

4. The Probable Cause Affidavit identified only Grand Theft (Fla. Stat. § 812.014(2)(c)1) and Criminal Mischief (Fla. Stat. § 806.13(1)(b)3) as the asserted offenses. The affidavit did not identify aggravated assault with a firearm, improper exhibition of a firearm, or any other firearm-based offense as an asserted charge. The firearm language appeared in the affidavit only as a narrative allegation attributed to juvenile complainants.

5. On June 17, 2024, the State Attorney for the Eighteenth Judicial Circuit filed a Notice of No Information in State of Florida v. Kyle Patrick Tate, Brevard County Case No. 052024CF024336AXXXBC, giving notice that the State "does not intend to file an Information, at this time, on the criminal charges in the above-styled case number." No

Information was ever filed against Plaintiff thereafter. On October 6, 2025, the Honorable Kathryn M. Speicher of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, entered an Order to Expunge under Fla. Stat. § 943.0585 concerning Plaintiff's April 14, 2024 arrest.

6. Plaintiff timely served pre-suit notice under Fla. Stat. § 770.01 dated April 3, 2026 on the Fox Defendants, identifying the May 2, 2024 Fox 35 Orlando article, the May 2, 2024 Fox News Article by Greg Wehner, and the related broadcasts as false and defamatory and demanding removal, retraction, and cessation of further publication or rebroadcast. Defendants nevertheless aired a related "STORY UPDATE" segment on or about April 10, 2026, seven days after the date of the notice and three days after Defendants' acknowledged receipt of the notice on Tuesday, April 7, 2026, through Fox 35 Orlando's evening news programming and the Fox Local streaming platform. The April 10, 2026 rebroadcast acknowledged the expunction and the State Attorney's lack of a record but did not on-air repeat the words "gun" or "firearm," did not expressly retract the original false "pulls gun" headlines or content, did not remove the May 2, 2024 Fox News Article from the Fox News Digital website (which remains available there to the present day), and is the subject of additional allegations below. Plaintiff's April 30, 2026 reply letter served as supplemental § 770.01 notice as to the April 10, 2026 rebroadcast and demanded removal, retraction, correction, preservation, and resolution by 5:00 p.m. Eastern on Friday, May 1, 2026, which Defendants did not provide.

7. Plaintiff asserts claims based on the May 2, 2024 articles and broadcasts and, as set forth in Counts VII and VIII below, based on the April 10, 2026 rebroadcast, for which Plaintiff served the written notice required by Fla. Stat. § 770.01 on July 20, 2026, receipt

of which Defendants' counsel confirmed in writing on July 22, 2026, and as to which more than five days elapsed before the filing of this First Amended Complaint.

## II. PARTIES

8. Plaintiff KYLE P. TATE is a natural person, sui juris, a citizen of the United States, and at all material times a resident of Brevard County, Florida. Mr. Tate is a Florida-licensed attorney admitted to The Florida Bar in or about 2006 and has continuously practiced law in Florida since that date.

9. Defendant FOX NEWS NETWORK, LLC ("Fox News") is a Delaware limited liability company with its principal place of business in New York, New York, transacting business and operating throughout the State of Florida with the registered agent of C T Corporation System, 1200 Pine Island Rd, Plantation, FL 33324. Fox News owns, operates, and publishes the national news website at https://www.foxnews.com and the Fox News Digital news platform, and is the publisher of the May 2, 2024 article authored by Fox News reporter Greg Wehner described herein. Fox News is responsible for, involved in, or exercises control over the publication, broadcast, distribution, maintenance, correction, retraction, and removal of the challenged Fox News Digital content and the challenged Fox 35 Orlando content. Fox News appeared in this matter through its Executive Vice President and General Counsel, who acknowledged receipt of Plaintiff's pre-suit demand and responded by letter dated April 29, 2026.

10. Defendant FOX TELEVISION STATIONS, LLC ("Fox Television Stations") is a Delaware limited liability company with its principal place of business in Los Angeles, California, transacting business and operating throughout the State of Florida with the

registered agent of C T Corporation System, 1200 Pine Island Rd, Plantation, FL 33324. Fox Television Stations owns and operates WOFL FOX 35 Orlando, a broadcast television station whose offices and studios are located at 35 Skyline Drive, Lake Mary, Florida 32746, and operates the associated website at https://www.fox35orlando.com. Fox Television Stations is the originator of the May 2, 2024 article, the May 2, 2024 broadcasts, and the April 10, 2026 rebroadcast described herein.

11. Defendant OREGON TELEVISION, LLC ("Oregon Television") is an Oregon limited liability company that, according to Defendants' own sworn filings in this action, owns and operates the broadcast television station WOFL, d/b/a FOX 35 Orlando, whose offices and studios are located at 35 Skyline Drive, Lake Mary, Florida 32746. Oregon Television transacts business within, and directs its broadcasts and publications into, the State of Florida. Plaintiff names Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, as the entity or entities that owned, operated, controlled, published, broadcast, or did business as WOFL/FOX 35 Orlando at all times material to this action.

12. In removing this action to this Court, Defendants repeatedly represented that Fox Television Stations, LLC does business as WOFL/FOX 35 Orlando. The Notice of Removal is captioned against "FOX TELEVISION STATIONS, LLC dba WOFL FOX 35 ORLANDO," describes the removing defendants as "Fox News Network, LLC and Fox Television Stations, LLC (dba WOFL Fox 35 Orlando)," and alleges: "Defendant Fox Television Stations, LLC (dba Fox 35 Orlando) . . . ." Doc. 1 & ¶ 12.

13. At the same time, in the sworn Declaration of Bryant O'Neal attached to the Notice of Removal, Fox represented under penalty of perjury:

> Fox Television Stations, LLC is identified in the Complaint as Fox Television Stations, LLC dba Fox 35 Orlando. Fox Television Stations, LLC does not do business as Fox 35 Orlando. Fox 35 Orlando is a television station owned and operated by the legal entity Oregon Television, LLC, an Oregon limited liability company.

14. Doc. 1-2 at 2 n.1. Fox reaffirmed that position in its Motion to Dismiss: "Fox 35 Orlando was incorrectly sued as Fox Television Stations, LLC. As noted in the removal papers, Fox 35 Orlando is a distinct entity, owned and operated by Oregon Television, LLC." Doc. 18 at 1 n.1.

15. Fox's positions are irreconcilable. Fox is judicially estopped from denying that Fox Television Stations, LLC is a proper Defendant, and from asserting a contrary position to escape liability or to challenge the sufficiency of Plaintiff's pre-suit notices, having obtained removal and invoked this Court's diversity jurisdiction on the basis of those representations.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Kyle P. Tate is a citizen of Florida. Defendants Fox News Network, LLC, Fox Television Stations, LLC, and Oregon Television, LLC are, according to the sworn Declaration of Bryant O'Neal filed by Defendants, citizens only of Delaware and New York, and the joinder of Oregon Television, LLC preserves complete diversity.

17. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193 in that Defendants operate and broadcast within, and direct their publications and broadcasts

to, the State of Florida; Fox Television Stations operates WOFL FOX 35 Orlando from offices and studios in Lake Mary, Florida; and Defendants committed tortious acts within Florida giving rise to this action.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) and, as to the removed action, under 28 U.S.C. § 1441(a), because a substantial part of the events giving rise to the claims occurred in this District, including in Brevard County where Plaintiff resides and sustained injury, and because this District embraces the state court in which the action was pending.

**IV. CONDITIONS PRECEDENT**

19. All conditions precedent to the institution and maintenance of this action have been performed, satisfied, waived, or excused. Fed. R. Civ. P. 9(c).

20. On April 3, 2026, Plaintiff served on the Fox Defendants and on WOFL/Fox 35 Orlando the written pre-suit notice required by Fla. Stat. § 770.01, by certified mail, return receipt requested, and by email, including service on Defendant Fox News Network, LLC through its registered agent C T Corporation System, identifying the May 2, 2024 articles and broadcasts as false and defamatory, specifying the challenged statements and defamatory gist, demanding removal and retraction, and directing the Fox Defendants to cease further publication or rebroadcast. The April 3, 2026 notice to WOFL/Fox 35 Orlando and Fox Television Stations, LLC identified the Fox 35 Orlando Article by headline and URL; attached as Exhibit A a screenshot of the Fox 35 Orlando webpage at that URL displaying the embedded broadcast video player; specified as false the statements that Plaintiff "pulls gun on kids fishing on property," "pulled a gun on kids,"

and “any substantially similar formulation”; expressly identified the “broadcast segments, interview footage, and all derivative or substantially similar publications” as false; and demanded removal of and disabling of access to all television broadcast segments, interview clips, cached, mobile, AMP, and app versions, and substantially similar or derivative publications. The April 3, 2026 notice accordingly covered the May 2, 2024 broadcasts in each of their airings and the broadcast video posted on the Fox 35 Orlando website, including its static “pulls gun” banner. A true and correct copy of the April 3, 2026 notice to WOFL/Fox 35 Orlando and Fox Television Stations, LLC is attached as Exhibit 6.

21. More than five days have elapsed since the service of the April 3, 2026 § 770.01 notice. Defendants have failed to publish a full and fair correction, apology, or retraction. By letter dated April 29, 2026, Fox News's Executive Vice President and General Counsel offered only a conditional editor's note appended to the May 2, 2024 article in exchange for a release of all claims, refused removal of the article and broadcasts, refused any on-air retraction, and made no acknowledgment of the post-notice April 10, 2026 rebroadcast described below.

22. On July 20, 2026, Plaintiff served the written notice required by section 770.01, Florida Statutes, concerning the April 10, 2026 rebroadcast on Fox Television Stations, LLC and Oregon Television, LLC, specifying the rebroadcast and the statements therein alleged to be false and defamatory. By email dated July 22, 2026, counsel of record for Defendants confirmed in writing that the notice was received on July 20, 2026, stating: “We did receive the letter on July 20.” More than five days elapsed after service and receipt of the July 20, 2026 notice before the filing of this First Amended Complaint, and Defendants

have not published a full and fair correction, apology, or retraction of the April 10, 2026 rebroadcast. A true and correct copy of the July 20, 2026 notice is attached as Exhibit 8.

23. To the extent Fox contends that any notice was directed to an incorrect entity, Fox is judicially and equitably estopped from doing so. Fox has represented that Fox Television Stations, LLC does business as FOX 35 Orlando, and has represented that Oregon Television, LLC owns and operates FOX 35 Orlando; each such entity received written notice. Whichever entity is the proper publisher of FOX 35 Orlando, that entity received timely written notice under section 770.01 before the assertion of the corresponding claim. By email dated July 22, 2026, counsel of record for Defendants further confirmed in writing, stating: "We do represent Oregon Television (as my footnotes indicate, it owns the station)." That separate same-day email confirmed that the same counsel represents Oregon Television, LLC and reaffirmed that Oregon Television, LLC owns FOX 35 Orlando. As further alleged below, the Vice President of Legal Affairs to whom Fox Television Stations, LLC forwarded the April 3, 2026 notice, and the WOFL News Director copied on her correspondence, had actual, contemporaneous knowledge of that notice before the April 10, 2026 rebroadcast, confirming that the personnel who control and operate WOFL/Fox 35 Orlando received actual notice of Plaintiff's claims irrespective of which corporate entity is ultimately determined to be the proper publisher.

24. Plaintiff's April 30, 2026 reply letter served as supplemental written notice under Fla. Stat. § 770.01 as to the April 10, 2026 rebroadcast, which had not yet occurred at the time of the original April 3, 2026 notice and therefore could not have been specifically identified therein.

25. Plaintiff asserts claims based on the May 2, 2024 articles and the May 2, 2024 broadcasts in Counts I through VI below and, all conditions of section 770.01, Florida Statutes, having been satisfied, asserts claims based on the April 10, 2026 rebroadcast in Counts VII and VIII below. Plaintiff also pleads the April 10, 2026 rebroadcast as a fact relevant to notice, fault, state of mind, actual malice, damages, failure to retract, preservation, and republication risk with respect to the claims based on the May 2, 2024 publications and broadcasts.

26. Plaintiff names only the corporate Fox Defendants in this First Amended Complaint and does not name individual Fox personnel as defendants in this First Amended Complaint because the April 3, 2026 statutory notice was directed to the corporate Fox entities and Fox 35 Orlando rather than to the individual reporters, anchors, producers, editors, news directors, or station management. Plaintiff reserves the right to seek leave to amend to add individual defendants after satisfying any applicable pre-suit notice requirement, after waiver, or after discovery identifies additional legally responsible actors.

## V. FACTUAL ALLEGATIONS

27. Plaintiff has been a member in good standing of The Florida Bar since approximately 2006, with an unblemished disciplinary record over two decades of practice. At all material times he has practiced law in the State of Florida.

28. At all material times, Plaintiff was a member of Stillwater Lakes Homeowner's Association, Inc. (the "Association"), a member-owner with the same equal beneficial interest in the Association's common-area property as every other resident-member, and at relevant times served as a director and as the Association's elected president.

29. Plaintiff's professional reputation, his ability to attract and retain clients and referral sources, and his ability to practice law and serve as a fiduciary depend on trust, judgment, character, and integrity.

30. Plaintiff is a private figure. At all material times, Plaintiff held no public office, was not a candidate for public office, had no general fame or notoriety in the community, and did not voluntarily inject himself into, or seek to influence the resolution of, any public controversy concerning the subject matter of the challenged publications. No public controversy concerning Plaintiff existed before Defendants' publications; any public attention directed at Plaintiff concerning the April 14, 2024 arrest was created by Defendants' own publications and broadcasts, which cannot convert Plaintiff into a public figure. Plaintiff's service as the elected president of a private residential homeowners association is not a public office and did not make him a public figure. Accordingly, Plaintiff need prove only negligence to establish fault; in the alternative, and as alleged throughout this First Amended Complaint, Defendants published and broadcast the challenged statements and implications with actual malice.

31. On April 14, 2024, Officer Arliz Barraza (#158) of the Palm Bay Police Department arrested Plaintiff in connection with an incident at Stillwater Lakes Subdivision in Palm Bay, Brevard County, Florida. The Probable Cause Affidavit was sworn to by Officer Barraza on April 14, 2024. A true and correct copy of the Probable Cause Affidavit is attached as Exhibit 1.

32. The Probable Cause Affidavit identified only two asserted charges against Plaintiff: (a) Grand Theft, $750–$5,000, under Fla. Stat. § 812.014(2)(c)1; and (b) Criminal Mischief, greater than $1,000, under Fla. Stat. § 806.13(1)(b)3. The Probable Cause Affidavit did

not identify any firearm-based offense, including but not limited to aggravated assault with a firearm under Fla. Stat. § 784.021 or improper exhibition of a firearm under Fla. Stat. § 790.10, as an asserted charge.

33. The Probable Cause Affidavit narrative recited a single hearsay sentence concerning a firearm: "The juvenile victims stated a man, later identified as Kyle Patrick Tate (The defendant), approached them with a firearm telling them to get off his property." The affiant did not state that she personally observed any firearm and did not bring any firearm-based charge. The Probable Cause Affidavit's narrative concluded that Plaintiff was placed under arrest for Criminal Mischief above $1,000 and Grand Theft only.

34. On May 2, 2024, eighteen days after the April 14, 2024 arrest, Defendants published on https://www.fox35orlando.com a news article bylined to Fox 35 Orlando reporter Aurielle Eady (the "Article"), updated at 11:44 p.m. EDT that same day. A true and correct copy of the Article, as preserved by Plaintiff, is attached as Exhibit 2.

35. The Article's headline stated, in present-tense definitive form: "Florida HOA president pulls gun on kids fishing on property: affidavit."

36. The Article's lead stated: "A Florida man was taken to jail last month for allegedly approaching three kids with a gun for fishing at a subdivision where he is the president of the Homeowners Association (HOA), FOX 35 has learned."

37. The Article identified Plaintiff by name, age, and town of residence.

38. The Article reported that the children were fishing on the south side of the subdivision's lake, which the Article characterized as "belong[ing] to the HOA and not Tate." In the same Article, Defendants reported: "FOX 35 was able to confirm that Tate is the

president of the HOA." The Article's body further reported that Plaintiff was "arrested on felony charges of criminal mischief and grand theft, according to an affidavit," thereby acknowledging within the same Article that no firearm charge existed and internally contradicting the Article's firearm-based headline; attributed to "officials" the assertion that Plaintiff "'maliciously' damag[ed] their fishing equipment"; and acknowledged that "[t]he kids don't live in the private subdivision," confirming Defendants' contemporaneous knowledge that the juvenile complainants were not residents of Stillwater Lakes.

39. The Article quoted the unnamed mother of one of the juvenile complainants: "'A gun should've never been pulled on them,' said the mother of the 10-year-old child, who asked not to be named in this article. 'It was startling. He's still super shaken up, knowing that on a daily basis we have to drive by this subdivision where this man lives.'" That quotation appears nowhere in the Probable Cause Affidavit.

40. The Article was packaged with an embedded video player containing the May 2, 2024 broadcasts described below, captioned "HOA president allegedly pulls gun on kids."

41. Also on May 2, 2024, Defendant Fox News Network, LLC published nationally on its website https://www.foxnews.com a separate news article bylined to Fox News Digital reporter Greg Wehner concerning Plaintiff and the April 14, 2024 arrest (the "Fox News Article"). The Fox News Article was published on May 2, 2024 at 4:32 p.m. EDT and remains available on https://www.foxnews.com to the present day. A true and correct copy of the Fox News Article, as preserved by Plaintiff and including its subheadline, is attached as Exhibit 3.

42. The Fox News Article's headline stated, in present-tense definitive form: "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs." The headline materially exceeded the Fox 35 Orlando Article's headline by adding the further factual assertions that Plaintiff pulled a gun on a specific number of children ("3 kids"), that he thereafter threw their fishing tackle into the woods, and that the source for these assertions was "court docs" in the plural, implying multiple judicial or court records confirmed the firearm allegation when in fact the only source was a single Probable Cause Affidavit narrative attributed to the juvenile complainants and supporting no firearms charge.

43. Immediately beneath the Fox News Article's headline, Defendants published the subheadline or dek: "Kyle Tate is charged with grand theft and criminal mischief." That subheadline identified Plaintiff by name in close visual proximity to the firearm-based headline, juxtaposing the firearm gist with Plaintiff's identity in a manner reinforcing the imputation of firearm-based criminal conduct.

44. The Fox News Article's lead stated: "A Palm Bay, Florida Homeowners Association board member was arrested last month after allegedly pulling a gun on three kids fishing at a lake in his subdivision, taking their equipment and throwing the rods, reels and tackle into the woods, according to court documents."

45. The Fox News Article identified Plaintiff by full name and age ("57-year-old Kyle Patrick Tate"), identified him as the president of the Stillwater Lakes community's HOA, and tied the firearm allegation directly to Plaintiff's identity, age, residence, and HOA presidency.

46. The Fox News Article prominently featured Plaintiff's actual Brevard County Sheriff's Office booking photograph, displayed at full-screen size with the overlay caption "BOOKING IMAGE" and the Brevard County Sheriff's Office logo, accompanied by an article-side caption stating: "Kyle Tate, president of the HOA at Stillwater Lakes in Palm Bay, Florida, was arrested after allegedly pulling a gun on three kids fishing at a lake, claiming they were on his property." That caption appeared adjacent to the booking image and reinforced, by image-and-caption pairing, the same defamatory firearm gist set forth in the Fox News Article's headline.

47. The Fox News Article reported that responding officers spoke with three children fishing on the south side of the lake at Stillwater Lakes, that the children stated a man later identified as Plaintiff "walked up to them while holding a firearm and telling them to get off his property," and that "the property belonged to the HOA, not Tate, according to police." The Fox News Article thereby framed Plaintiff as having falsely claimed personal ownership of common-area HOA property as the predicate for the alleged firearm conduct, notwithstanding that, as alleged elsewhere herein, Plaintiff was at all material times a member-owner of Stillwater Lakes Homeowner's Association, Inc. with the same equal beneficial interest in the Association's common-area property as every other owner-member.

48. The Fox News Article further reported specific dollar valuations attributed to the juvenile complainants, including that the children estimated the fishing rods and reels at $1,900, the tackle boxes and lures at $150, and the cast nets at $150, and that Plaintiff "allegedly took a phone valued at around $1,500 from one of the kids," followed by reportage that Plaintiff "was held on $5,000 bond - $2,500 per charge - which he later posted." The Fox

News Article identified the only filed charges as "grand theft of property valued between $750 and $7,500, and criminal mischief greater than $1,000," both classified as third-degree felonies under Florida law, and did not identify any firearm-based offense as a charged or asserted offense.

49. By juxtaposing the headline and lead firearm gist with the body's express statement that the only filed charges were grand theft and criminal mischief, the Fox News Article internally confirmed that no firearm-based charge had been brought against Plaintiff, while simultaneously presenting in headline form, in lead form, and in image-caption form the contrary factual assertion that Plaintiff "pulled a gun on 3 kids fishing at lake before throwing tackle into woods."

50. The Fox News Article identified its author at the foot of the article as: "Greg Wehner is a breaking news reporter for Fox News Digital," with story-tip contact information at Greg.Wehner@Fox.com and the Twitter handle @GregWehner. On information and belief, Greg Wehner authored the Fox News Article in the course and scope of his employment with Defendant Fox News Network, LLC and within the actual or apparent authority granted to him by Fox News Network, LLC.

51. The Fox News Article was published on the foxnews.com domain, a national news platform with substantial nationwide reach. As of the time of the Fox News Article's preservation by Plaintiff's counsel, Defendants' on-page reader-comment module, powered by OpenWeb, displayed approximately 1,200 reader comments and approximately 486 simultaneous viewers actively engaged with the Fox News Article's comment thread, which is circumstantial evidence of substantial publication, third-party readership, and reputational injury arising from the Fox News Article.

52. On information and belief, the Fox News Article was substantially derived from, or published in coordination with, the Fox 35 Orlando Article published the same day, May 2, 2024, given that the Fox News Article expressly attributed confirmation of Plaintiff's HOA presidency to "FOX 35 in Orlando" and tracked the same factual narrative, the same juvenile-source firearm allegation, the same dollar valuations, the same booking photograph, and the same property-ownership framing as the Fox 35 Orlando Article.

53. Defendant Fox News Network, LLC did not receive or republish the challenged content in reasonable reliance upon a reputable, independent news agency or wire service. The Fox News Article was derived from, and published in coordination with, reporting by Fox News Network's corporate affiliate, and Fox News Network had actual access to and possession of the Probable Cause Affidavit, whose contents contradicted the Fox News Article's headline, lead, and image caption, as reflected in the Fox News Article's own body text. Any reliance on affiliated reporting, on an anonymous tip, or on an uncharged juvenile-source allegation was not reasonable, and no wire service or reliance defense applies to the Fox News Article.

54. On April 3, 2026, Plaintiff served Defendant Fox News Network, LLC, through its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324, with the written pre-suit notice required by Fla. Stat. § 770.01, identifying the Fox News Article by URL and headline, specifying the challenged statements and defamatory gist therein, demanding removal, retraction, takedown, de-indexing, and preservation of evidence, and attaching a true and correct copy of the Fox News Article and a screenshot of the headline as Exhibits A and B to that notice. As of the date of this First Amended Complaint, the Fox News Article remains available on

https://www.foxnews.com, the headline has not been retracted, the booking image and image caption have not been removed, no on-page correction has been published, and no full and fair correction, apology, or retraction has been published in any medium of comparable prominence to the original publication. A true and correct copy of the April 3, 2026 notice to Fox News Network, LLC is attached as Exhibit 7.

55. On or about May 2, 2024, Defendants, operating WOFL FOX 35 Orlando, packaged the April 14, 2024 arrest as television news segments and broadcast them during Fox 35 Orlando's evening news programming: an early evening segment, aired at approximately 5:29 p.m., that displayed the on-screen graphic "DEVELOPING STORY," and a later evening segment that displayed the on-screen graphic "BIG STORY."

56. On information and belief, the May 2, 2024 broadcasts featured WOFL FOX 35 Orlando anchors Luanne Sorrell and John Brown delivering on-air anchor content, and field reporter Manny Martinez delivering LIVE field-reporter content from Palm Bay, Brevard County, Florida.

57. During the May 2, 2024 broadcasts, Defendants displayed Plaintiff's actual Brevard County Sheriff's Office booking photograph in full-screen presentation, accompanied by the lower-third chyron: "BOOKING IMAGE / ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS." Defendants' deliberate use of the word "ATTORNEY" in the chyron expressly invoked Plaintiff's profession in connection with imputed firearms conduct against children.

58. Defendants aired a broadcast segment concerning Plaintiff during WOFL FOX 35 Orlando’s early evening news programming on May 2, 2024, of which Plaintiff received notice, and, on information and belief, aired at least one additional segment during later

evening news programming that same day. Defendants also posted the video of the May 2, 2024 broadcast on the Fox 35 Orlando website at https://www.fox35orlando.com, including as the broadcast video embedded within the Article described above, where Plaintiff located it. While playing the broadcast video, a static on-screen banner reading “HOA president pulls gun on kids: officials” was displayed in the lower left corner of the screen. The static banner did not appear during the live television airings of the broadcast; it appeared only when the broadcast video was viewed online on Defendants’ website. Defendants created, approved, displayed, and posted that banner online, and at all material times have known of its content and online posting. Each May 2, 2024 airing, and the posting of the broadcast video on Defendants’ website, was a separate publication to a distinct audience, and Plaintiff’s claims encompass each such airing and posting. The broadcast exhibit Defendants have filed in this action (Doc. 20-3), which does not include the early evening segment, likewise does not depict the static “pulls gun” banner, consistent with the banner having appeared only in the online-posted version of the broadcast video and not during the live television airings.

59. The static on-screen banner displayed while May 2, 2024 broadcast played, reading: "HOA president pulls gun on kids: officials," differs materially from the Article's "affidavit" attribution: "officials", in the plural and without source qualification, implies that multiple authoritative officials independently confirmed the firearm allegation, when in fact the only source for the firearm claim was a single hearsay sentence in the Probable Cause Affidavit narrative attributed to the juvenile complainants and resulting in no firearms charge.

60. Defendants' own same-day word choices confirm their contemporaneous awareness of the difference between an unproven allegation and an asserted fact. The caption Defendants placed on the embedded broadcast video player used the qualifier "allegedly" ("HOA president allegedly pulls gun on kids"), while the static banner displayed below the broadcast video when viewed online, and the on-air broadcast chyrons, asserted without qualification that Plaintiff "pulls gun on kids" and attributed that assertion to "officials." Defendants knew how to qualify the accusation as an allegation and elected not to do so in the on-air chyrons that they aired on television or in the static banner that they posted to the public on their website. Defendants never corrected or retracted the unqualified on-air chyrons or the unqualified online banner. This inconsistency evidences actual malice; it does not suggest that the qualified "allegedly" formulation was itself accurate or non-actionable, for the reasons alleged in Paragraph 84 below.

61. On the same day the Article was published, May 2, 2024, an anonymous user operating an encrypted Proton Mail account under the pseudonym "RK_Reynolds" (RK_Reynolds@protonmail.com) circulated a link to the Article to a distribution list that included Plaintiff, Plaintiff's counsel, the Florida Bar member-address intake (memberaddress@flabar.org), Fox & Friends national (friends@foxandfriends.com), and CNN anchor Jim Sciutto (Jim_Sciutto@cnn.com). On information and belief, Defendants received their tip and lead for the Article, the Fox News Article, and the broadcasts from "RK_Reynolds" or from a closely related source, and did not investigate the source's identity, motives, or relationship to the underlying parties before publishing.

62. On June 17, 2024, the State Attorney for the Eighteenth Judicial Circuit, by and through Assistant State Attorney Amy Tucker McLaughlin, filed a Notice of No Information in

State of Florida v. Kyle Patrick Tate, Brevard County Case No. 052024CF024336AXXXBC, giving notice that the State "does not intend to file an Information, at this time, on the criminal charges in the above-styled case number." No Information was ever filed against Plaintiff at any time thereafter, and the arrest record was subsequently expunged as alleged below. A true and correct copy of the Notice of No Information is attached as Exhibit 4.

63. On October 6, 2025, the Honorable Kathryn M. Speicher of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, entered an Order to Expunge under Fla. Stat. § 943.0585 concerning Plaintiff's April 14, 2024 arrest, finding among other things that Plaintiff had not been adjudicated of, nor adjudicated delinquent for, committing any of the acts stemming from the arrest. A true and correct copy of the Order to Expunge is attached as Exhibit 5.

64. On April 3, 2026, Plaintiff served the Fox Defendants and WOFL/Fox 35 Orlando with written pre-suit notice under Fla. Stat. § 770.01, by certified mail, return receipt requested, including service on Defendant Fox News Network, LLC through its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324, identifying the May 2, 2024 Article, the May 2, 2024 Fox News Article, and the May 2, 2024 broadcasts as false and defamatory, specifying the challenged statements and defamatory gist, attaching a true and correct copy of the Fox News Article and a screenshot of its headline as Exhibits A and B to the notice, demanding removal and retraction, identifying the State Attorney’s Notice of No Information and the Order to Expunge, and directing Defendants to cease further publication, republication, or rebroadcast.

65. On or about April 10, 2026, after Defendants received the April 3, 2026 § 770.01 notice, Defendants affirmatively rebroadcast a substantively related segment concerning Plaintiff's April 14, 2024 arrest during WOFL FOX 35 Orlando's evening news programming, and simultaneously distributed the segment via the Fox Local streaming platform (the on-screen "STREAMING ON FOX LOCAL" graphic confirms simultaneous streaming distribution). The on-screen graphic displayed throughout the April 10, 2026 segment read "STORY UPDATE." On information and belief, the April 10, 2026 rebroadcast was anchored by WOFL FOX 35 Orlando anchor Luanne Sorrell, the same anchor who personally delivered the original May 2, 2024 broadcast.

66. On information and belief, the on-air content of the April 10, 2026 rebroadcast included statements substantially as follows: that approximately two years earlier, Fox 35 Orlando had aired a story about Plaintiff Kyle Patrick Tate, an attorney who was also serving as an HOA president; that Plaintiff allegedly approached three minors who were fishing at a lake at Stillwater Lakes Subdivision; that, after receiving a letter from an attorney with Plaintiff's law firm, Fox 35 had researched the matter; that the case had been expunged and the State Attorney's office had no record of it; and that Fox 35 had reached out to Plaintiff's attorney and his law firm for clarification about information contained in the letter and had not heard back. The April 10, 2026 rebroadcast did not expressly retract the prior firearm accusation.

67. Although the April 10, 2026 rebroadcast acknowledged the expunction and the State Attorney's lack of a record, and although the rebroadcast did not on-air repeat the specific words "gun" or "firearm," the rebroadcast was inadequate as a corrective publication and was itself defamatory by implication and by omission. Specifically, the rebroadcast (a)

was framed and presented as a "STORY UPDATE" to the prior May 2, 2024 publications that had expressly accused Plaintiff of pulling a gun on children, such that ordinary viewers familiar with or made aware of the original story would understand the rebroadcast's reference to Plaintiff having "allegedly approached three minors who were fishing" as carrying forward the same defamatory firearm gist conveyed by the original publications; (b) failed to disclose the materially exculpatory fact that the Probable Cause Affidavit identified no firearm-based offense and that no firearms charge was ever brought against Plaintiff; (c) failed to correct the original May 2, 2024 Article's false "pulls gun on kids" headline and false article content; (d) failed to correct the May 2, 2024 on-air broadcast chyrons and graphics, including "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," and failed to correct the static "HOA president pulls gun on kids: officials" banner displayed with the broadcast video posted on Defendants' website; and (e) misleadingly characterized Plaintiff's counsel as having failed to respond to a clarification request, when in fact the April 3, 2026 § 770.01 notice from Plaintiff's counsel was the substantive response setting forth the corrective facts on which Defendants purported to rely.

68. The April 10, 2026 rebroadcast occurred after Defendants had been specifically advised in writing of the absence of any firearm-based charge, the State Attorney's Notice of No Information, the Order to Expunge, and the alleged falsity and defamatory gist of the May 2, 2024 publications and broadcasts. Defendants' selective disclosure of partial corrective facts in the April 10, 2026 rebroadcast, combined with Defendants' continuing failure to correct the underlying May 2, 2024 Article and embedded broadcast video, confirms Defendants' actual knowledge of the challenged falsity and defamatory gist. Fox

Television Stations, LLC acknowledged receipt of the April 3, 2026 notice and forwarded it to its Vice President of Legal Affairs, Ryanne Duffie Saucier, who corresponded with Plaintiff's counsel in writing on April 9, 2026 and twice on April 10, 2026. Ms. Saucier's 4:12 p.m. April 10, 2026 email copied WOFL's News Director, Melissa Medalie, confirming that WOFL's editorial decision-makers had actual pre-broadcast knowledge of the absence of charges, the expunction, and Plaintiff's demand for retraction.

69. Ms. Saucier's and Ms. Medalie's actual, contemporaneous knowledge of the April 3, 2026 notice, and WOFL's issuance of the April 10, 2026 rebroadcast squarely addressing the subject matter of that notice, establish that the personnel who control and operate WOFL/Fox 35 Orlando's editorial and legal functions received and acted upon Plaintiff's notice before this action was instituted, regardless of which corporate entity employs them. Defendants' airing of an on-air "STORY UPDATE" expressly referencing the letter received from Plaintiff's law firm was Defendants' own contemporaneous acknowledgment that the April 3, 2026 written notice identified the broadcasts and the challenged statements with sufficient specificity to permit investigation, correction, and retraction. The written April 3, 2026 notice accordingly satisfied section 770.01, Florida Statutes, as to whichever of Fox Television Stations, LLC or Oregon Television, LLC is ultimately determined to be the publisher of the May 2, 2024 Article and broadcasts. The receipt, review, and on-air response by the personnel who operate WOFL/Fox 35 Orlando are alleged as evidence of the adequacy and receipt of, and the corrective opportunity afforded by, that written notice, independent of and in addition to the judicial and equitable estoppel alleged in Paragraph 23 above.

70. On April 29, 2026, Fox News's Executive Vice President and General Counsel responded to the April 3, 2026 notice. The response refused removal of the Article, refused any on-air retraction, offered only a conditional editor's note appended to the Article in exchange for a release of all claims, did not acknowledge the April 10, 2026 post-notice rebroadcast, and did not acknowledge the May 2, 2024 television broadcasts.

71. On April 30, 2026, Plaintiff's counsel served a reply letter and supplemental § 770.01 notice as to the April 10, 2026 rebroadcast, identifying the named on-air personnel and demanding removal, retraction, on-air corrective relief, source disclosure, evidence preservation, monetary settlement, and a limited release preserving claims against non-Fox parties, with a deadline of 5:00 p.m. Eastern on Friday, May 1, 2026. Defendants did not provide the agreement requested by that deadline, and this action was timely commenced thereafter.

72. The Fox News Article remains available on https://www.foxnews.com to the present day, is indexed by Google, Bing, and other search engines, and returns prominently when any prospective client, opposing counsel, judge, or Florida Bar examiner searches Plaintiff's name. Defendants have refused to remove or correct the Fox News Article notwithstanding the April 3, 2026 § 770.01 notice, the State Attorney's Notice of No Information, and the Order to Expunge.

73. Plaintiff asserts claims based on the May 2, 2024 Article, the May 2, 2024 Fox News Article, and the May 2, 2024 broadcasts as actionable publication and broadcast events at issue in this First Amended Complaint, and further asserts claims based on the April 10, 2026 rebroadcast as a separate actionable publication in Counts VII and VIII below.

74. Plaintiff served the written notice required by section 770.01, Florida Statutes, as to the April 10, 2026 rebroadcast on July 20, 2026; counsel of record for Defendants confirmed receipt of that notice in writing on July 22, 2026; more than five days elapsed before the filing of this First Amended Complaint; and Defendants have not published a full and fair correction, apology, or retraction. In addition to being separately actionable in Counts VII and VIII below, the April 10, 2026 rebroadcast is evidence of notice, fault, state of mind, actual malice, damages, failure to retract, preservation, and republication risk relevant to the claims based on the May 2, 2024 publications and broadcasts.

75. Defendants acted recklessly in publishing and broadcasting the challenged May 2, 2024 statements, and in maintaining and refusing to retract them after receiving Plaintiff's April 3, 2026 notice of their alleged falsity.

76. Defendants published and broadcast the challenged statements with knowledge of their probable falsity or with reckless disregard for whether they were false.

77. Defendants had obvious reasons to question the accuracy and fairness of the challenged content because: (a) the Probable Cause Affidavit identified only Grand Theft and Criminal Mischief as asserted offenses and did not identify any firearm-based offense; (b) the firearm allegation appeared in the Probable Cause Affidavit as an attributed juvenile-source narrative allegation, not as an officer’s personal observation, an adjudicated fact, or a charged firearm offense; (c) the headlines and broadcast chyrons converted that attributed allegation into a definitive factual assertion; (d) the broadcast “officials” wording and the Fox News Article’s “court docs” (plural) attribution each implied broader official confirmation than the affidavit supported; (e) the Fox News Article’s own body text, and the Fox 35 Orlando Article’s own body text (“according to an

affidavit"), each expressly identified the only filed charges as grand theft and criminal mischief, internally contradicting the firearm-based headlines, leads, and image captions; (f) the Fox 35 Orlando Article quoted an unnamed mother's private-source accusation that was not part of any official record; and (g) the anonymous Proton Mail tip and same-day multi-outlet circulation pattern were themselves red flags requiring source-motive investigation; and (h) Defendants' own same-day use of the qualifier "allegedly" in the embedded video player caption, contrasted with the unqualified "pulls gun" static banner and chyrons, demonstrated Defendants' contemporaneous awareness that the firearm accusation was an unproven allegation rather than an established fact.

78. The April 14, 2024 arrest was not breaking news when Defendants published the challenged Article, the Fox News Article, and the broadcasts on May 2, 2024. The eighteen-day interval between the arrest and publication afforded Defendants ample time to review the Probable Cause Affidavit, contact Plaintiff, contact the Stillwater Lakes HOA, contact law enforcement, contact the State Attorney, and avoid publishing a materially stronger defamatory gist than the official-source material supported.

79. Before the April 10, 2026 rebroadcast, Defendants had received Plaintiff's April 3, 2026 notice under Fla. Stat. § 770.01 identifying the challenged May 2, 2024 Article and broadcasts, specifying the alleged falsity and defamatory gist, demanding removal and retraction, advising Defendants of the absence of any firearms charge, the State Attorney's June 17, 2024 Notice of No Information, and the October 6, 2025 Order to Expunge, and directing Defendants to cease further publication or rebroadcast.

80. Defendants' April 10, 2026 affirmative post-notice rebroadcast, anchored by the same anchor who personally delivered the original May 2, 2024 broadcast, selectively

disclosed only partial corrective facts (the expunction and the State Attorney's lack of a record), failed to fully retract or correct the original false "pulls gun" headline and broadcast chyrons, failed to fully correct the May 2, 2024 Articles from Defendants' website, and was framed as a "STORY UPDATE" to the prior gun-focused story in a manner that perpetuated the defamatory firearm gist by implication. Defendants' continuing failure to fully remove or retract the May 2, 2024 publications notwithstanding the April 3, 2026 § 770.01 notice constitutes ongoing post-notice conduct from which a factfinder may infer notice, legally sufficient fault, knowledge of probable falsity, reckless disregard, and failure to retract.

81. The challenged Article, Fox News Article, and broadcasts were not fair, accurate, or substantially correct accounts of the Probable Cause Affidavit. Defendants converted an attributed, uncorroborated juvenile-source narrative allegation into the headline-level, article-level, and broadcast-level factual gist that Plaintiff pulled a gun on children; used “officials” wording in the broadcast and “court docs” (plural) wording in the Fox News Article that each implied broader official confirmation than the affidavit supported; and supplemented the official record with a non-official private-source accusation attributed to an unnamed mother in the Fox 35 Orlando Article and with juvenile-attributed dollar valuations and the “throwing tackle into woods” gist in the Fox News Article.

82. Each challenged statement and implication described in this First Amended Complaint is an assertion or implication of objective, verifiable fact, namely, whether Plaintiff pulled, displayed, used, or threatened a firearm against children and whether official sources so confirmed. None of the challenged statements is opinion, rhetorical hyperbole, epithet,

satire, or protected commentary, and each was presented in the form of news reporting of fact, in headlines, leads, chyrons, image captions, and anchor and reporter narration.

83. To the extent Defendants invoke § 770.04, Defendants failed to exercise due care in preparing, approving, publishing, broadcasting, maintaining, republishing, or rebroadcasting the challenged statements.

84. To the extent Defendants contend that use of the words "allegedly," "accused of," or similar qualifying language immunizes the challenged statements, that contention fails. No prosecutor, judge, or law enforcement officer ever filed, brought, or asserted any firearm-based charge or official accusation against Plaintiff. The sole source for any firearm-related claim was a single, unsworn, out-of-court hearsay statement attributed to juvenile non-parties and recorded within the narrative portion of the Probable Cause Affidavit; it was neither the affiant officer's personal observation nor a charged offense. Describing that hearsay detail as something Plaintiff "allegedly" did, or that Plaintiff was "accused of," falsely conveyed to ordinary readers and viewers that a legitimate, official accusation of firearm-related criminal conduct had been made against Plaintiff by a competent authority, when no such accusation, charge, or allegation existed. A qualifying word does not cure a defamatory statement where the qualifier itself misrepresents the existence, nature, or source of the underlying allegation.

85. Each of the challenged statements identified above is defamatory per se because each imputes to Plaintiff conduct that, if true, would constitute aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a firearm under Fla. Stat. § 790.10, felony and serious-misdemeanor firearm offenses against children. The chyron "ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING

STUFF INTO WOODS" further imputes conduct incompatible with the proper exercise of Plaintiff's profession as a licensed attorney.

**COUNT I**
**DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 FOX 35 ORLANDO ARTICLE**
*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

86. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count.

87. On May 2, 2024, Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, operating WOFL FOX 35 Orlando, published or caused to be published on https://www.fox35orlando.com the Article titled “Florida HOA president pulls gun on kids fishing on property: affidavit,” bylined to Aurielle Eady, concerning Plaintiff and the April 14, 2024 arrest. The Article was published to third parties, including readers in Florida, nationally, and elsewhere.

88. The Article was of and concerning Plaintiff, who was identified by name, age, and town of residence.

89. The Article’s headline (“Florida HOA president pulls gun on kids fishing on property”) and lead (Plaintiff was "taken to jail last month for allegedly approaching three kids with a gun”) were false and defamatory because they communicated to ordinary readers that Plaintiff pulled, displayed, used, or threatened a firearm against children.

90. The challenged Article statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children, including, if true, aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a

firearm under Fla. Stat. § 790.10, and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

91. Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, published the challenged Article statements with knowledge of probable falsity or reckless disregard for whether the content was false, as alleged in the preceding paragraphs.

92. As a direct and proximate result of the publication of the Article by Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative,, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, as the entity operating WOFL FOX 35 Orlando for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT II**
**DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 FOX NEWS NATIONAL ARTICLE**
*(Against Defendant Fox News Network, LLC)*

93. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count.

94. On May 2, 2024, Defendant Fox News Network, LLC published or caused to be published on its national news website at https://www.foxnews.com the Fox News

Article titled "Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs," bylined to Fox News Digital reporter Greg Wehner, concerning Plaintiff and the April 14, 2024 arrest. The Fox News Article was published to third parties, including readers in Florida, nationally, and elsewhere.

95. The Fox News Article was of and concerning Plaintiff, who was identified by full name, age, town of residence, and HOA-presidency status.

96. The Fox News Article's headline ("Florida HOA president pulls gun on 3 kids fishing at lake before throwing tackle into woods: court docs"), subheadline ("Kyle Tate is charged with grand theft and criminal mischief"), lead (Plaintiff "allegedly pull[ed] a gun on three kids fishing at a lake in his subdivision, taking their equipment and throwing the rods, reels and tackle into the woods, according to court documents"), and booking-image caption (Plaintiff "was arrested after allegedly pulling a gun on three kids fishing at a lake, claiming they were on his property") were false and defamatory because they communicated to ordinary readers that Plaintiff pulled, displayed, used, or threatened a firearm against children. The Fox News Article's express attribution of the firearm gist to "court docs" in the plural materially exceeded the Probable Cause Affidavit's actual content and implied broader official confirmation than the source material supported.

97. The challenged Fox News Article statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children, including, if true, aggravated assault with a firearm under Fla. Stat. § 784.021 and improper exhibition of a firearm under Fla. Stat. § 790.10, and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

98. Defendant Fox News Network, LLC published the challenged Fox News Article statements with knowledge of probable falsity or reckless disregard for whether the content was false. The Fox News Article's own body text expressly identified the only filed charges as grand theft and criminal mischief, internally contradicting the Fox News Article's firearm-based headline, lead, and image caption, and giving Defendant Fox News Network, LLC actual knowledge of probable falsity at the time of publication.

99. As a direct and proximate result of Defendant Fox News Network, LLC's publication of the Fox News Article, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial. The Fox News Article's publication on a national platform with substantial nationwide reach, as evidenced by the approximately 1,200 reader comments and approximately 486 simultaneous viewers actively engaged with the Fox News Article's comment thread, magnified the reputational injury to Plaintiff beyond that caused by any single regional publication.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox News Network, LLC for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT III**
**BROADCAST DEFAMATION / LIBEL PER SE AS TO MAY 2, 2024 BROADCASTS**
*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

100. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count.

101. On or about May 2, 2024, Defendants broadcast or caused to be broadcast television segments concerning Plaintiff and the April 14, 2024 arrest during WOFL FOX 35 Orlando's evening news programming. The May 2, 2024 broadcasts were transmitted to third-party viewers in Florida and elsewhere. Defendants further published the May 2, 2024 broadcast video, including its static "HOA president pulls gun on kids: officials" banner, on the Fox 35 Orlando website at https://www.fox35orlando.com, including as video embedded within the Article, where it was accessible to and viewed by third parties.

102. The May 2, 2024 broadcasts were of and concerning Plaintiff, who was identified by name, by booking image, and by HOA-presidency status.

103. The May 2, 2024 broadcasts used language including "BOOKING IMAGE / ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," framed the matter as a "DEVELOPING STORY" in the early evening segment and as a "BIG STORY" in the later evening segment, and visually identified Plaintiff through his actual booking photograph. When broadcasts were viewed online, "HOA president pulls gun on kids: officials" was displayed below the video.

104. The challenged broadcast statements were false and defamatory because they communicated to ordinary viewers that Plaintiff committed serious firearm-related misconduct involving children. The "officials" wording materially exceeded the Article's "affidavit" attribution and implied broader official confirmation than the limited Probable Cause Affidavit narrative supported. The "ATTORNEY ACCUSED OF" chyron expressly tied the firearm accusation to Plaintiff's profession.

105. The challenged broadcast statements are defamatory per se because they impute the commission of firearm-based criminal offenses against children and impute conduct incompatible with the proper exercise of Plaintiff's profession as a Florida attorney.

106. Defendants broadcast the challenged statements with knowledge of probable falsity or reckless disregard for whether the content was false, as alleged in the preceding paragraphs.

107. As a direct and proximate result of Defendants' broadcast of the challenged statements, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, as the entity operating WOFL FOX 35 Orlando, jointly and severally, for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT IV**
**DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 FOX 35 ORLANDO ARTICLE**
*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

108. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count. This Count is pleaded in the alternative to Count I pursuant to Federal Rule of Civil Procedure 8(d)(2): to the extent any statement challenged in this Count is determined to be true or a substantially accurate report of an official record, Plaintiff alleges that Defendants' juxtaposition of such statements, and their omission of material facts, created the false and defamatory implication alleged in this Count.

109. The May 2, 2024 Fox 35 Orlando Article, considered as a whole, communicated to ordinary readers a false and defamatory implication beyond any isolated literal wording, namely, that official sources had confirmed that Plaintiff pulled, displayed, or used a firearm against children.

110. Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, juxtaposed the "pulls gun" headline with the word "affidavit" in a manner conveying that the firearm accusation had stronger official confirmation than the Probable Cause Affidavit fairly supported. Defendants reinforced the same defamatory implication through the unnamed mother's private-source accusation ("a gun should've never been pulled on them"), the embedded booking image and embedded video player captioned "HOA president allegedly pulls gun on kids," and the framing of the children as fishing on property belonging to the HOA and not Plaintiff. The Article failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

111. The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense, and because Defendant Fox Television Stations, LLC presented an uncharged juvenile-source allegation as confirmed fact.

112. Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, created and published the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false.

113. As a direct and proximate result of the defamatory implication published by Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative,, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, as the entity operating WOFL FOX 35 Orlando for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT V**
**DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 FOX NEWS NATIONAL ARTICLE**
*(Against Defendant Fox News Network, LLC)*

114. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count. This Count is pleaded in the alternative to

Count II pursuant to Federal Rule of Civil Procedure 8(d)(2): to the extent any statement challenged in this Count is determined to be true or a substantially accurate report of an official record, Plaintiff alleges that Defendants' juxtaposition of such statements, and their omission of material facts, created the false and defamatory implication alleged in this Count.

115. The May 2, 2024 Fox News Article, considered as a whole, communicated to ordinary readers a false and defamatory implication beyond any isolated literal wording, namely, that multiple official court records had confirmed that Plaintiff pulled, displayed, or used a firearm against children.

116. Defendant Fox News Network, LLC juxtaposed the "pulls gun on 3 kids fishing at lake before throwing tackle into woods" headline with the words "court docs" in the plural in a manner conveying that multiple court records had corroborated the firearm gist when in fact only a single Probable Cause Affidavit existed and no firearm-based charge had been brought. Defendant reinforced the same defamatory implication through the booking-image caption (Plaintiff "was arrested after allegedly pulling a gun on three kids fishing at a lake, claiming they were on his property"), the subheadline pairing Plaintiff's name with the firearm-based headline, the property-ownership framing ("the property belonged to the HOA, not Tate, according to police"), and the side-by-side juxtaposition of the firearm gist with body text identifying only grand theft and criminal mischief as filed charges. The Fox News Article failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

117. The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense; because no "court

docs" in the plural existed; and because Defendant Fox News Network, LLC presented an uncharged juvenile-source allegation as confirmed fact attributed to multiple official court records.

118. Defendant Fox News Network, LLC created and published the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false. The Fox News Article's own body text expressly identified only grand theft and criminal mischief as the filed charges, internally contradicting the firearm-based headline, lead, and image caption, and giving Defendant Fox News Network, LLC actual knowledge that the "court docs" implication was false at the time of publication.

119. As a direct and proximate result of Defendant Fox News Network, LLC's defamatory implication, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial. The Fox News Article's publication on a national platform with substantial nationwide reach magnified the reputational injury arising from the defamatory implication.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendant Fox News Network, LLC for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT VI**
**DEFAMATION BY IMPLICATION AS TO MAY 2, 2024 BROADCASTS**
*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

120. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count. This Count is pleaded in the alternative to Count III pursuant to Federal Rule of Civil Procedure 8(d)(2): to the extent any statement challenged in this Count is determined to be true or a substantially accurate report of an official record, Plaintiff alleges that Defendants' juxtaposition of such statements, and their omission of material facts, created the false and defamatory implication alleged in this Count.

121. The May 2, 2024 broadcasts on WOFL FOX 35 Orlando, considered as a whole, communicated to ordinary viewers a false and defamatory implication beyond any isolated literal wording, namely, that multiple official sources had independently confirmed that Plaintiff, in his professional capacity as an attorney, pulled, displayed, or used a firearm against children.

122. Defendants juxtaposed the online static banner reading "HOA president pulls gun on kids" with the word "officials" in the plural and without source qualification in a manner conveying that multiple authoritative officials had independently confirmed the firearm allegation, when in fact the only source for the firearm claim was a single hearsay sentence in the Probable Cause Affidavit narrative attributed to the juvenile complainants and resulting in no firearms charge. Defendants reinforced the same defamatory implication through the "DEVELOPING STORY" and "BIG STORY" framing, the full-screen presentation of Plaintiff's booking photograph, and the lower-third chyron

"BOOKING IMAGE / ATTORNEY ACCUSED OF APPROACHING KIDS WITH GUN, THROWING STUFF INTO WOODS," which deliberately invoked Plaintiff's profession in connection with the imputed firearms conduct against children. The broadcasts failed to disclose the affiant officer's own decision not to charge any firearm-based offense.

123. The defamatory implication was false because the official-source material did not charge, identify, corroborate, or establish any firearm-based offense; because no multiple "officials" had independently confirmed the firearm allegation; and because Defendants presented an uncharged juvenile-source allegation as confirmed fact attributed to multiple official sources.

124. Defendants created and broadcast the challenged implication with knowledge of the false implication or reckless disregard for whether the implication was false.

125. As a direct and proximate result of Defendants' broadcast defamatory implication, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, as the entity operating WOFL FOX 35 Orlando, jointly and severally, for compensatory damages, presumed damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

**COUNT VII**
**DEFAMATION AND LIBEL PER SE AS TO APRIL 10, 2026 REBROADCAST**
*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

126. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count.

127. On April 10, 2026, WOFL/FOX 35 Orlando published and broadcast a "Story Update" concerning Plaintiff, anchored by FOX 35 Orlando anchor Luanne Sorrell, in a television airing at approximately 6:26 p.m. and in streamed and online versions, made available to viewers in Florida, including Brevard County, and elsewhere.

128. The April 10, 2026 rebroadcast was a separate and independent publication. It was an affirmative, intentional broadcast and streaming event directed to a new and general audience nearly two years after the May 2, 2024 publications; it contained new statements, including that Plaintiff "allegedly approached three minors," that were not contained in the original reports; and it was not the passive continued availability of previously published content. It is therefore a distinct, separately actionable publication under Florida law, is not shielded by the single publication rule, and was commenced well within the applicable limitations period.

129. The rebroadcast was of and concerning Plaintiff Kyle P. Tate.

130. The rebroadcast stated, in substance, that Plaintiff had "allegedly approached three minors who were fishing," recalled and referred to the station's earlier report, referenced Plaintiff's arrest and the expunction of the matter, and stated that the station

had reached out to Plaintiff's law firm and received no response, all without retracting the station's prior false statement that Plaintiff pulled a gun on children.

131. By broadcasting that Plaintiff "approached" minor children, without lawful context, and by juxtaposing that statement with Plaintiff's booking photograph, the arrest, and the expunction, the rebroadcast conveyed the false and defamatory factual gist that Plaintiff engaged in predatory, threatening, or otherwise sinister conduct toward children, and perpetuated the false gist that Plaintiff had pulled a gun on children.

132. The challenged statements are assertions of objective, verifiable fact, not statements of opinion, rhetorical hyperbole, or protected commentary, and are materially and substantially false.

133. The challenged statements are false. Plaintiff did not approach any child in any improper, threatening, or predatory manner. The individuals the rebroadcast characterized as children were on private HOA common-area property without authorization and were being lawfully directed to depart by Plaintiff in his capacity as HOA president. No firearm offense was ever charged, the State Attorney filed a Notice of No Information and never thereafter filed an Information, no prosecution was ever commenced, and the matter was expunged by court order.

134. The challenged statements are defamatory per se because they impute to Plaintiff serious criminal or morally repugnant conduct involving children and conduct incompatible with the proper and ethical exercise of his profession as a licensed Florida attorney, and because they tend to subject Plaintiff to public hatred, distrust, ridicule, and contempt and to injure him in his trade, business, and profession.

135. Defendants published the challenged statements to third parties, including viewers and readers in Florida, Brevard County, and elsewhere.

136. Defendants published the April 10, 2026 rebroadcast with actual malice, that is, with knowledge of falsity or reckless disregard for the truth. The rebroadcast occurred after Plaintiff's April 3, 2026 section 770.01 notice, while Fox's Vice President of Legal Affairs was corresponding with Plaintiff's counsel concerning the falsity of the report, and after Fox had been specifically advised that no Information was ever filed and that the matter had been expunged. Less than two hours before the 6:00 p.m. broadcast, at 4:12 p.m., Fox's Vice President of Legal Affairs acknowledged in writing that it "does seem unusual that an expungement would be necessary if there were no conviction, much less if charges were not even filed," demonstrating Fox's subjective awareness that reporting the expunction without the no-charges context would convey a materially false impression. In the same 4:12 p.m. email, Fox's Vice President of Legal Affairs stated, "We are also removing the original stories online," acknowledging Defendants' awareness of, and control over, the challenged online content; notwithstanding that statement, the May 2, 2024 Fox News Article remained and remains available on https://www.foxnews.com. Fox published the rebroadcast notwithstanding that knowledge and refused to retract the false firearm gist.

137. The April 10, 2026 rebroadcast was not a fair, accurate, or substantially correct account of any official record, and exceeded any qualified fair-report privilege, because it conveyed the false and defamatory gist described above and omitted the material, exculpatory facts within Defendants' possession.

138. As a direct and proximate result of the April 10, 2026 rebroadcast, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

139. The conduct alleged in this Count was intentional and was undertaken with actual malice and knowledge of falsity, and constitutes intentional misconduct or gross negligence within the meaning of sections 768.72 and 768.73, Florida Statutes, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, for compensatory damages, presumed damages, punitive damages, prejudgment interest, taxable costs, attorneys' fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

## COUNT VIII
## DEFAMATION BY IMPLICATION AS TO APRIL 10, 2026 REBROADCAST

*(Against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative)*

140. Plaintiff realleges and incorporates by reference the allegations of Sections I through V, Paragraphs 1 through 85 above, as if fully set forth herein, and does not incorporate the allegations of any other Count. This Count is pleaded in the alternative to Count VII pursuant to Federal Rule of Civil Procedure 8(d)(2): to the extent any statement challenged in this Count is determined to be true or a substantially accurate report of an official record, Plaintiff alleges that Defendants' juxtaposition of such statements, and their omission of material facts, created the false and defamatory implication alleged in this Count.

141. The April 10, 2026 rebroadcast was a separate and independent publication to a new and general audience, containing new statements not present in the May 2, 2024 reports, and is separately actionable and timely as set forth in Count VII.

142. By juxtaposing the statement that Plaintiff "approached" minor children with Plaintiff's booking photograph, the fact of his arrest, and the fact of expunction, while omitting that no charges were ever filed, that the State Attorney filed a Notice of No Information and never filed an Information, and that the individuals were on private HOA property without authorization and were being lawfully directed to leave, the April 10, 2026 rebroadcast created the false and defamatory implication that Plaintiff engaged in predatory or sinister conduct toward children and that the expunction concealed a criminal disposition.

143. By stating that the station had reached out to Plaintiff's law firm and received no response, the rebroadcast created the false and defamatory implication that Plaintiff and his counsel were evading accountability or had no credible response to the allegations, when in fact Fox's own communication, sent at approximately 4:12 p.m. and demanding any response by 4:30 p.m. that same evening, afforded a response window of less than twenty minutes before a broadcast Fox had already decided to air.

144. Defendants intended and endorsed the defamatory implications, or knew of and recklessly disregarded them. In an email sent April 10, 2026, Fox's Vice President of Legal Affairs acknowledged that it "does seem unusual that an expungement would be necessary if there were no conviction, much less if charges were not even filed," thereby understanding that reporting the expunction without the no-charges context would convey

a materially false impression. Fox broadcast the expunction without that context notwithstanding.

145. The defamatory implications are assertions of fact, not opinion or rhetorical hyperbole; they are false; and they afforded Plaintiff no lawful basis for the predatory or evasive characterizations conveyed.

146. Defendants published the challenged implications to third parties, including viewers and readers in Florida, Brevard County, and elsewhere.

147. The April 10, 2026 rebroadcast, by implication and omission, is defamatory and defamatory per se because it imputes to Plaintiff conduct incompatible with his profession and tends to injure him in his trade, business, and profession, and to subject him to public hatred, distrust, and contempt.

148. As a direct and proximate result of the defamatory implications of the April 10, 2026 rebroadcast, Plaintiff has suffered presumed damages, reputational harm, professional harm, humiliation, mental anguish, emotional distress, and other damages to be proven at trial.

149. The conduct alleged in this Count was intentional and was undertaken with actual malice and knowledge of falsity, and constitutes intentional misconduct or gross negligence within the meaning of sections 768.72 and 768.73, Florida Statutes, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff KYLE P. TATE demands judgment against Defendants Fox Television Stations, LLC and Oregon Television, LLC, in the alternative, for compensatory damages, presumed damages, punitive damages, prejudgment interest, taxable costs, attorneys’

fees to the extent recoverable by law, and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff KYLE P. TATE respectfully demands judgment against Defendants Fox News Network, LLC, Fox Television Stations, LLC, and Oregon Television, LLC, jointly and severally where permitted by law, and requests the following relief:

A. Compensatory damages in an amount to be determined by the trier of fact, in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees;

B. Presumed damages on the defamation *per se* claims to the extent permitted by Florida law;

C. Damages for injury to reputation, professional standing, business and client relationships, humiliation, mental anguish, emotional distress, and other recoverable harms proven at trial;

D. Declaratory relief, after appropriate adjudication, determining that the challenged statements and implications are false, defamatory, actionable, and not protected by any applicable privilege;

E. Post-adjudication equitable relief requiring removal, correction, retraction, reasonable de-indexing requests, and related corrective measures only as to content adjudicated false, defamatory, actionable, and nonprivileged, and only to the extent such content is within Defendants' possession, custody, control, or practical ability to remove, correct, retract, update, or request de-indexing;

F. Prejudgment interest to the extent recoverable by law;

G. Taxable costs;

H. Attorneys' fees to the extent authorized by statute, rule, contract, or other applicable law; and

I. Punitive damages against Fox Television Stations, LLC and Oregon Television, LLC on Counts VII and VIII pursuant to sections 768.72 and 768.73, Florida Statutes; and

J. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable as of right.

Dated: July 29, 2026.

Respectfully submitted,

*/s/ Kyle P. Tate*

Kyle P. Tate, FBN 27108
TATECOLLINS
P.O. Box 2427
Orlando, Florida 32802
(407) 205-6100
kyle@tatecollins.com
clerk@tatecollins.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, including Deanna K. Shullman (dshullman@shullmanfugate.com) and Minch Minchin (mminchin@shullmanfugate.com), Shullman Fugate PLLC, counsel for Defendants.

*/s/ Kyle P. Tate*
Kyle P. Tate