UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KYLE P TATE,

Plaintiff,

v. Case No.: 6:26-cv-01204-GAP-DCI

FOX NEWS NETWORK, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FOX TELEVISION STATIONS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; AND OREGON TELEVISION LLC,

Defendants,
_________________________________/

# ORDER

## I. Background

This matter came before the Court on Plaintiff Kyle P. Tate's ("Plaintiff's") Time-Sensitive Motion for Reconsideration of Order on Entitlement to Attorney Fees (Doc. 55), or Alternatively to Defer Proceedings on Amount Pending Appeal, and Request for Adversary Submissions and Evidentiary Hearing under Rule 54(d)(2)(C), along with his separate Request for Evidentiary Hearing. Doc. 56; Doc. 57. Plaintiff's Local Rule 3.01(g) certification states that Defendants Fox News Network, LLC, Fox Television Stations, LLC, and Oregon Television, LLC's ("Defendants' ") position is that Plaintiff had an opportunity to respond to

entitlement already (in his Response to their Motion to Dismiss) and confirmed their opposition to vacating the Order on Entitlement and the November 2, 2026, deadline. *Id.* at 24. Given the time-sensitive nature of Plaintiff's Motion, the Court proceeds without Response from Defendants. *See id.*

## II. Legal Standard

"Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." *United States v. Okonkwo*, No. 6:14-cr-5-Orl-40GJK, 2020 WL 5264914, *1 (M.D. Fla. Aug. 10, 2020). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted); *Banister v. Davis*, 590 U.S. 504, 516 (2020) ("And 'reconsideration' means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision.").

## III. Analysis

### A. Motion for Hearing and Opportunity to Respond

Plaintiff first avers that he should be allowed to re-brief the issue of entitlement to fees (and the Court should hold an evidentiary hearing), contending that he "has had no opportunity to address entitlement[.]"[1] Doc. 56 at 19.

As the Florida Supreme Court acknowledged in *Vericker v. Powell*, "[i]t is the intent of the Legislature that [SLAPP (Strategic Lawsuits Against Public Participation)] lawsuits be expeditiously disposed of by the courts." 406 So.3d 939, 944 (Fla. 2025) (quoting Fla. Stat. § 768.295(1)). Subsection 4 of § 768.295 provides a mechanism for defendants to "move the [C]ourt for an order dismissing the action[,]" allowing for opposing parties to respond and request a hearing; it also dictates that courts "**shall** award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." § 768.295(4) (emphasis added).

Honoring the Legislature's commands to proceed expeditiously, the Court identified no impediment to considering Defendants' motion for entitlement to attorneys' fees and costs as part of their motion to dismiss—and neither did Plaintiff. *See* Doc. 46 at 19; Doc. 35. Indeed, nowhere in his Response to Defendants'

---

[1] However, Plaintiff also expressly states in his Motion that he "does not argue that this Court was required to hold the hearing the statute describes[.]"Doc. 56 at 16; *but see* Doc. 57 at 1-2. The Court credits (and agrees with) the substance of Plaintiff's statement that he does not argue it should have held a hearing before ruling on entitlement. *See* Doc. 56 at 16.

motion to dismiss did Plaintiff request a hearing, extended briefing, or express any other objection to the Court's consideration of the issue. *See id.*

While Plaintiff's substantive response to Defendants' argument for entitlement to Anti-SLAPP attorneys' fees was limited by the other issues raised in their motion to dismiss, Plaintiff had ample opportunity to request what he seeks now on a motion for reconsideration: extended briefing and an evidentiary hearing.[2] *See* Doc. 46; Doc. 56 at 19-20. Plaintiff invokes Rule 54(d)(2)(C), which states that the Court "must, on a party's request, give an opportunity for adversary submissions on the motion[.]" But Plaintiff already had such an opportunity (which he admits)—instead of requesting additional briefing on the issue of Anti-SLAPP fees and an evidentiary hearing, however, he elected to offer a frivolous response to Defendants' contention that they were entitled to fees.[3] *See id.*; Doc. 46 at 19; Doc. 56 at 20.

[2] Plaintiff's false contention that this Court did not consider his "arguments" before granting Defendants' motion for entitlement to fees is baseless. *See* Doc. 56 at 20. The Court considered them—they simply consisted of little more than a recitation of the statute and his frivolous invocation of burden-shifting issues which are not relevant (because Defendants clearly carried their burden, aided by the glaringly apparent frivolity of Plaintiff's lawsuit). *See id.*

[3] Plaintiff warns that following Defendants' logic would encompass "every defamation claim against a media defendant[.]" Doc. 46 at 19. But, in the context of this case, that is entirely the purpose of the Anti-SLAPP statute—the Florida legislature sought to meaningfully deter parties like Plaintiff from filing frivolous lawsuits against media organizations (and others) who fairly report the news generated by official documentation (in recognition of one of the pillars of this nation's First Amendment jurisprudence). *See, e.g.*, Doc. 53 at 7-8. And it provided a straightforward mechanism to attach an economic cost to those who violate the statute—there is nothing controversial about awarding Defendants' fees under this mandatory provision. *See* Fla. Stat. § 768.295(4).

Consequently, Plaintiff's requests to restart the briefing and schedule an evidentiary hearing on entitlement to fees are untimely and due to be denied.[4] *See, e.g.*, *Banister*, 590 U.S. at 516. There is no reason to delay determining the amount of attorneys' fees, which Plaintiff is then free to appeal and consolidate with his other appeal; his request to vacate the Court's November 2, 2026, deadline for Defendants to submit their supplemental motion on amounts is due to be denied. *See* Doc. 56 at 20-21; *see also* Fed. R. Civ. P. 54.

In recognition of the limited briefing Plaintiff was afforded in Response to Defendants' motion to dismiss, however, the Court will briefly address the substance of Plaintiff's other arguments.[5]

**B. "Primarily because" Element**

First, Plaintiff is technically correct that the Court did not *explicitly* find in its Order granting Defendants' entitlement to Anti-SLAPP fees that he brought this

[4] However, Plaintiff's motion for an evidentiary hearing on the amount of attorneys' fees and costs is timely, appropriate, and due to be granted. *See* Doc. 57 at 1-2; Local Rule 7.01(c) (the determination of the amount of fees is procedurally distinct from that of entitlement).

[5] Plaintiff's "points of record" regarding the Order (Doc. 53) dismissing his case with prejudice—which he proffered despite stating that he "does not ask the Court to revisit them here"—are improper. *See* Doc. 56 at 3-7 (contending that the Court should have superfluously repeated the same reasoning for why each functionally identical iteration of Defendants' descriptions of Plaintiff "approaching [children] with a firearm"—*ie.* "pointing a gun at kids" and "pulling out a gun"—"conveys essentially the same meaning"). The Court need not squander its limited resources responding to frivolous arguments, especially where—despite his contention—it *did* directly address Plaintiff's complaints regarding the mother's statements. *See, e.g.*, Doc. 53 at 9-10.

lawsuit "primarily because [Defendants] exercised protected speech"—but it does so now.[6] *See* Doc. 56 at 9; Fla. Stat. § 768.295(3).

Plaintiff's factual arguments regarding his motive are misplaced and unconvincing. *See, e.g.*, Doc. 56 at 11. In spite of his persistent assertions that he filed this lawsuit because of false, defamatory statements made by Defendants, it is clear that he did so simply because "Defendants reported the news." Doc. 56 at 11. Plaintiff points to his April 2026 pre-suit letters to buttress his contention that his motivation was pure—but those letters came nearly *two years* after Defendants "reasonably accurately" reported on the contents of the Affidavit and the individuals involved. *See id.*

If Plaintiff simply wanted to correct the record, he could have contacted Defendants (or responded to their attempts at communication) with his side of the story at the time of publication, but he does not once contend that he did so. *See generally* Doc. 27; *see also* Doc. 20-3 (showing that Defendants' reporter attempted to contact Plaintiff for comment during the broadcast); Doc. 26. That he instead waited two years later until he had succeeded in expunging the relevant public records (and thereby leaving Defendants no objective information with which to verify his

---

[6] The Court *did*, however, expressly acknowledge in its predicate order dismissing Plaintiff's lawsuit with prejudice that he "does not like the story relayed in the [arrest] Affidavit, but Defendants' reporting on it was accurate and, therefore, protected by Florida's fair report privilege." Doc. 53 at 12 (plainly suggesting that Plaintiff filed suit because he was displeased with Defendants' reporting the news).

claims and supplement their reporting) strongly supports the Court's conclusion. *See supra*; Doc. 53; *see also Whitney v. California*, 274 U.S. 357, 377 (1927) ("If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the processes of education, the remedy to be applied is more speech, not enforced silence.") (J. Brandeis, concurring).[7]

Upon reconsideration of Plaintiff's arguments, the Court finds that his (obviously) meritless lawsuit was filed "primarily because" Defendants "exercised the[ir] constitutional right of free speech in connection with a public issue" when they fairly and accurately reported on the contents of the Affidavit. *See* Doc. 53 at 7-13 (finding Plaintiff's Amended Complaint had no merit and dismissing it with prejudice); *Klayman v. Portfolio Media, Inc.*, 436 So.3d 202, 207 (Fla. Dist. Ct. App. 2026); *see also Rasmussen v. Collier Cnty. Pub. Co.*, 946 So. 2d 567, 570-71 (Fla. Dist. Ct. App. 2006) ("The privilege extends to the publication of the contents of official documents, as long as the account is reasonably accurate and fair.").

---

[7] As the Court recognized previously, Plaintiff's self-designation as a "private figure" does not have any impact on Defendants' long-standing privilege to reasonably and accurately report the news as derived from public records like the Affidavit—whether Plaintiff's underlying conduct warranted his arrest and charging is not material to these analyses. *See* Doc. 53 at 12; *Rasmussen v. Collier Cnty. Pub. Co.*, 946 So. 2d 567, 570-71 (Fla. Dist. Ct. App. 2006). His assertion in his affidavit that, if "Defendants [had] reported accurately that [he] was arrested on charges of criminal mischief and grand theft **that the State declined to prosecute**, [he] would not have sued[,]" underline the frivolous theory behind Plaintiff's case—Defendants could not possibly have reported in April 2024 about events which unfolded months and years later. *See* Doc. 56-4, ¶ 10 (emphasis added). And it goes without saying that they are not required to issue a "corrective report" based solely on Plaintiff's legal demands where there is no way to verify his statements—particularly where the original reporting never mischaracterized the Affidavit in the first place. *See generally* Doc. 53.

### C. § 768.295's Fee Provision is Substantive Law

Plaintiff next argues that § 768.295's fee provision "is part of a state procedural scheme" and therefore inapplicable in federal court under the *Erie* Doctrine, citing to a recent Florida Supreme Court case. Doc. 56 at 14-19 (citing *Vericker v. Powell*, 406 So. 3d 939 (Fla. 2025)).[8]

First, "[w]hether a state law is substantive or procedural for the purposes of *Erie* is a federal question and is not governed by state law." *Tanker Mgt., Inc. v. Brunson*, 918 F.2d 1524, 1529, n.3 (11th Cir. 1990) (citing *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 198-200 (1988)). In spite of Plaintiff's convoluted arguments, the Eleventh Circuit has plainly stated that state-law claims for attorneys' fees "are unequivocally substantive for *Erie* purposes." *Showan v. Pressdee*, 922 F.3d 1211, 1225 (11th Cir. 2019) (citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) ("**It is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes**.") (emphasis added); *U.S. Bank Natl. Assn. as Tr. of J.P. Morgan Alt. Loan Tr. 2006-S4, Mortg. Pass-Through Certificates v. Rivabem*, No. 25-13110, 2026 WL 1134154, *2-*3 (11th Cir. Apr. 27, 2026) (not reported).[9]

---

[8] Despite his wholesale reliance on the case, Plaintiff did not provide a single full citation to *Vericker*, leaving the Court to determine the other party and location of the case on its own. *See, e.g.*, Doc. 56 at 9-10, 12-13 (citing to a different iteration of the *Vericker* case), 15-18.

[9] *See also Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1322–24 (S.D. Fla. 2020) (noting Florida's statute does not conflict with Federal Rules of Civil Procedure: "This conclusion is in line with decades of Eleventh Circuit precedent, which find that state-law statutes and claims for

Contrary to Plaintiff's contentions, the Florida Supreme Court did not say in *Vericker* that the fee-shifting provisions of the Anti-SLAPP statute are procedural law under *Erie* (and they do not have the authority to bind this Court by their determination anyway). 406 So.3d at 944-45; *Brunson*, 918 F.2d at 1529, n.3. They simply concluded that they do not constitute the kind of irreparable harm necessary to allow for interlocutory certiorari petitions to the Florida Supreme Court, which is an entirely unrelated issue. *Vericker*, 406 So.3d at 944-45. As the Eleventh Circuit has long held, attorneys' fees provisions like § 768.295(4) are state substantive law for *Erie* purposes. *See, e.g.*, *Showan*, 922 F.3d at 1225.

**D. Scope of Fees & Costs**

Plaintiff also argues in his Motion that any entitlement to fees under § 768.295(4) is limited only to those fees incurred in connection with filing the Anti-SLAPP motion. Doc. 56 at 20-21. However, as the statute requires "expeditious[]" resolution of Defendants' Anti-SLAPP claim (in this case, their motion to dismiss), the case has involved little else. *See* § 768.295(1). Indeed, to prevail on their Anti-SLAPP claim, Defendants had to demonstrate *why* Plaintiff's suit violated §768.295 through their 12(b)(6) motion, which is all that has thus far been litigated.[10] *See* Doc.

---

attorneys' fees and costs 'unequivocally' apply in a federal court exercising diversity jurisdiction") (citations omitted).

[10] Defendants actually had to do so twice as a consequence of Plaintiff's filing an amended complaint. *See* Doc. 18; Doc. 20; Doc. 21; Doc. 27; Doc. 35; Doc. 36; Doc. 42.

53.

Because Defendants have pressed their claim at the earliest possible opportunity, all of their filings were a necessary predicate to—or made "in connection with"—filing their claim under the Anti-SLAPP statute. *See generally* Doc. 18; Doc. 35; § 768.295(4). Therefore, Plaintiff's argument regarding the scope of the statute is moot in this case.[11] Defendants are entitled to their reasonable attorneys' fees and costs "incurred in connection with defending this case." *See* § 768.295(4); Doc. 55 at 2.

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (Doc. 56) is hereby **DENIED.**
2. Plaintiff's Motion for Hearing (Doc. 57) is **GRANTED in part** as to a hearing on determining the amount of attorneys' fees and costs to

[11] Due to the statute's admonishment to expeditiously resolve Anti-SLAPP claims early in a case, this outcome is likely common, which would explain the lack of more developed case law on the issue. *See* § 768.295(4). However, even from the limited jurisprudence available, it seems clear that cases like *Berisha* and *Lee*—which only addressed the question in dicta—failed to analyze the statute according to principles of Florida statutory interpretation. *See Marquez v. Lazarow*, 347 So. 3d 472 (Fla. Dist. Ct. App. 2022) (holding that the fees provision applies to the entire case); *Johnson v. State*, 78 So. 3d 1305, 1310 (Fla. 2012) ("legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning"); §768.295(1)-(4); *see also Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157, n.8 (S.D. Fla. 2018), *aff'd*, 973 F.3d 1304 (11th Cir. 2020); *Lee v. Animal Aid, Inc.*, 388 So. 3d 25, 31 (Fla. Dist. Ct. App. 2024). Moreover, as a matter of common sense, providing fees only for the Anti-SLAPP motion would not go very far in fulfilling the statute's deterrence goal. *See Vericker v. Powell*, 406 So.3d 939, 946 (Fla. 2025) (Florida Supreme Court opining that the Anti-SLAPP statute "operates to deter violations of its prohibition on meritless, speech-targeted **lawsuits**—accomplishing this through attorney-fee awards[.]") (emphasis added).

which Defendants are entitled. The Court will notice a hearing on amounts by separate order. The Motion is **DENIED** as to the issue of entitlement.

3. Plaintiff's Motion to Vacate the November 2, 2026, deadline for Defendants to submit their Supplemental Motion on Amounts of Attorneys' Fees and Costs is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 28, 2026.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party